David **COOK**, Sr., Petitioner,

v.

**UNITED STATES DEPARTMENT OF LABOR**, Respondent.

No. 81–7599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1982.

Decided Sept. 22, 1982.

As Modified on Denial of Rehearing Jan. 24, 1983.

Charles B. Phillips, Walla Walla, Wash., for petitioner.

James D. Henry, Washington, D.C., for respondent.

Before WRIGHT, TANG and CANBY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Cook contends that he was fired because of a physical handicap in violation of 29 U.S.C. § 834 and § 794. An Administrative Law Judge for the Department of Labor denied Cook's claim for reinstatement and backpay. The Secretary did not modify or vacate the decision, and it became the decision of the Secretary pursuant to 20 C.F.R. § 676.91(f). Cook appeals pursuant to 29 U.S.C. § 817(a).

Cook worked for the City of Auburn, Washington, in a CETA funded position as jailer. This position entails stress and requires sufficient strength and stamina to restrain violent prisoners physically. Returning from a brief illness, Cook stated in a medical report that his absence resulted from "flu and angina." Cook was then referred to the city physician. At his examination, Cook related that he suffered occasional chest pains when tired or ill, and that his physician had said that he might have angina pectoris. Angina pectoris is a symptom of underlying coronary disease in which the coronary arteries are unable, because of narrowing, to accommodate increased blood flow. The condition produces severe chest pain during periods of physical or emotional stress.

Based on this information, the city physician decided that Cook was not suited to be a jailer, and recommended transfer to a less stressful position. Cook refused alternate employment. The city then discharged him. Subsequently, Cook underwent complete studies by a cardiologist who determined that Cook was free of any heart disease.

Cook alleges that his termination violated 29 U.S.C. § 834(a) (prohibiting discrimination on the basis of handicap by CETA fund recipients) and 29 U.S.C. § 794 (prohibiting discrimination against an otherwise qualified handicapped individual solely because of handicap in federally assisted programs).[1] The government does not contest the applicability of either of these sections.

These sections, however, protect only workers who, despite a handicap, remain qualified for their job. *Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979); *Kling v. County of Los Angeles,* 633 F.2d 876, 879 (9th Cir. 1980); *Pushkin v. Regents of University of Colorado,* 658 F.2d 1372, 1385 (10th Cir. 1981). Here, Cook conceded at oral argument that if he had angina, he would be unable to perform adequately as a jailer. The sole remaining question is whether the city fulfilled its obligation in determining that Cook had

---

**1.** The Rehabilitation Act of 1973 § 504, 29 U.S.C. § 794 provides in part:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

Neither party disputes that Cook is "regarded as having such an impairment," and so is covered by the Act. 29 U.S.C. § 706(7)(B).

The Comprehensive Employment and Training Act of 1973 (CETA) § 132(a), 29 U.S.C. § 834(a) provides:

(a) No person in the United States shall on the ground of race, color, religion, sex, national origin, age, handicap, or political affiliation or belief be excluded from participation in, be denied the benefits of, be subjected to discrimination under, or be denied employment in the administration of or in connection with any program or activity funded in whole or in part with funds made available under this chapter.

angina. We need not decide at this time what burden an employer bears when the existence or consequence of a handicap is disputed. In this case, Cook informed the city that his doctor said he might have angina, and his records reflected angina. Faced with this substantial and uncontradicted evidence, the city had no duty to investigate further. Its decision was justified under these circumstances.

The decision of the Secretary is accordingly AFFIRMED.