Warner **DANCY**, Plaintiff,

v.

Ray **KLINE** and Howard R. **Davia**, Defendants.

No. 84 C 7369.

United States District Court, N.D. Illinois, E.D.

April 8, 1986.

As Revised July 10, 1986.

On Motion to Reconsider July 11, 1986.

Peter J. Schmiedel, Charles Hoffman, People's Law Office, Chicago, Ill., for plaintiff.

Elizabeth Stein, Carol Davilo, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, Judge.

Plaintiff, Warner Dancy, was employed for many years by the General Services Administration ("GSA") and was terminated from his job on March 30, 1984. Defendants, Ray Kline and Howard R. Davia, are the Director of the GSA and the Regional Director of Region 5 of the GSA, respectively. Plaintiff alleges that he was terminated in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*, and, alternatively, that the agency did not follow the Federal Personnel Manual ("FPM"). The motions which are before this court are the motions of both the plaintiff and the defendants for summary judgment.

## FACTS

Plaintiff, Warner Dancy, held the position of Federal Protective Officer ("FPO") in the GSA since at least 1971.[1] Plaintiff performed satisfactorily as a FPO until

---

1. Plaintiff and defendant disagree on the exact date plaintiff became a FPO but that disagreement is not material to the outcome of their motions.

1981 when he began to experience back problems. Plaintiff has since been diagnosed as suffering from a condition known as chronic low back syndrome with L5–S1 disc disease. It is not disputed that plaintiff is now a "handicapped person" within the meaning of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

In June, 1981, plaintiff complained of back problems and produced medical documentation of his disability. Plaintiff's employers placed plaintiff on "light duty" status where he was responsible for filing, answering the phone, mail delivery and general clerical duties. It is not disputed that plaintiff can satisfactorily perform these "light duties." It is also not disputed that plaintiff cannot perform the essential functions of the position of FPO.

In March of 1984, plaintiff was discharged from his "light duty" job. Plaintiff appealed his dismissal to the Merit System Protection Board ("MSPB") which affirmed his dismissal. Plaintiff filed this suit in Federal District Court alleging his termination was discriminatory in violation of the Rehabilitation Act and that the agency did not follow the FPM.

## DISCUSSION

The Rehabilitation Act of 1973 provides in pertinent part:

> "No otherwise *qualified handicapped individual* ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination ... under any program or activity conducted by any Executive Agency ..." (emphasis supplied)

At issue is whether plaintiff is a *qualified handicapped person* within the meaning of the statute. A qualified handicapped person is defined in the applicable federal regulation as:

> "Qualified handicapped person means with respect to employment, a handicapped person who with or without reasonable accommodation can perform the essential functions of the *position in question.* (emphasis supplied) 29 C.F.R. § 1613.702(f).

Since plaintiff concedes that he cannot perform the essential functions of a FPO, and defendants do not dispute that plaintiff was satisfactorily performing the "light duties" assigned to him, the critical issue before this court is what "position in question" means under the federal regulation. If the "position in question" in this case is the position of FPO, then plaintiff is not a "qualified handicapped person" and defendants have not violated the statute. However, if the "position in question" in the instant case is the "light duty" position, then plaintiff is a qualified handicapped person and defendants may have violated the statute.

Plaintiff essentially makes two arguments to support his assertion that the agency should not have discharged him from the light duty job. First, plaintiff argues that because he was performing light duty for almost three years prior to his termination that his job was, in fact, no longer that of FPO but instead was a different job involving the clerical duties that he was performing. Plaintiff does not dispute, however, that his official title remained that of FPO. Plaintiff asserts that the agency fired him from his light duty job because of his handicap. Second, plaintiff argues that even if he was, in fact, employed as a FPO at the time of his dismissal, the agency was required to reassign him permanently to his light duty position as a "reasonable accommodation" under the regulations. Plaintiff asserts that he is a qualified handicapped person because the "position in question" includes those positions to which he could be assigned. Defendants argue that plaintiff was employed as a FPO until the date of his termination in March, 1984, that the "position in question" is limited to that of a FPO and that because plaintiff cannot perform the essential functions of a FPO, even with reasonable accommodations, he is not a qualified handicapped person. Defendants also argue that even if they are obligated to reassign a handicapped person as an accommodation under the regulations

there was no appropriate position available and, therefore, no such reasonable accommodation was possible.

This court finds that summary judgment is not proper because there are genuine issues of material fact remaining in this case. Specifically, the court cannot make a determination regarding what plaintiff's "position in question" is because there are too many factual questions concerning the "light duty" job. Plaintiff's second argument depends upon this court's acceptance of the EEOC's decision in *Ignacio v. U.S. Postal Service*, 30 M.S.P.R. 471 (1986). The definition of "position in question" as set forth by the EEOC in *Ignacio* is problematic. The EEOC apparently finds that "position in question" is not limited to the position held by complainant but includes any position the complainant could have held as a reasonable accommodation. This court does not agree with the EEOC's definition of "position in question".

The language of the regulation suggests that the phrase "position in question" refers to the position which is the subject of the lawsuit, or "in question." The inquiry under the regulation should be whether with reasonable accommodation a plaintiff can do the position to which he was denied as a result of an adverse employment decision. For example, if the case involves a termination, the "position in question" would be the job from which plaintiff was discharged. If the case involves a denial of promotion, the "position in question" would be the position to which the plaintiff seeks to be promoted. If the case involves a refusal to hire, the "position in question" would be the position to which the plaintiff has applied. As stated in *Alderson v. Postmaster General of the U.S.*, 598 F.Supp. 49 (W.D.Okla.1984), the regulation refers to making the particular job for which a handicapped person was hired, and not another job, accessible to handicapped persons, 598 F.Supp. at 55.

See, also, *Jasany v. U.S. Postal Service*, 755 F.2d 1244 (6th Cir.1985); *Daubert v. U.S. Postal Service*, 733 F.2d 1367 (10th Cir.1984). Moreover, the regulation itself cites examples of possible accommodations and all of the examples strive to help the handicapped individual perform the job for which he was hired or promoted. Specifically, the goal of making facilities accessible, restructuring jobs, modifying work schedules and exams, providing special equipment and providing interpreters is to help qualified handicapped persons receive the accommodations necessary to enable them to do the job for which they were hired to do. 29 C.F.R. § 1613.704. Therefore, because this is a case stemming from a discharge the "position in question" will be the job from which plaintiff was dismissed. The issue at trial will be whether plaintiff's position at the time of his termination was that of a FPO or the "light duty" clerical job.

This court is not impressed with plaintiff's arguments concerning the FPM.[2] As stated in *Piccone v. United States*, 186 Ct.Cl. 752, 407 F.2d 866, 877 (1969), "not every piece of paper emanating from a department or independent agency is a regulation." The plaintiff has not convinced this court that the manual provision is a binding regulation providing plaintiff with a substantive right to reassignment. This court holds that the manual provision provides advisory but not compulsory guidance and does not create specific legal rights.

Accordingly, there are genuine issues of material fact concerning plaintiff's actual "position in question" at the time he was terminated. The parties' cross motions for summary judgment are denied and parties should prepare to proceed to trial.

IT IS SO ORDERED.

### ON MOTION TO RECONSIDER

Plaintiff, Warner Dancy, brings this suit against defendants, Ray Kline and Howard

---

**2.** The applicable provision of the manual provides that the agency *should* consider "judicious reassignment to a position with less rigid physical requirements, including job engineering when possible to utilize the remaining unimpaired assets of the handicapped employee." Federal Personnel Manual, 339–1–3(b), May 16, 1979 (plaintiff's ex. 2).

R. Davia, alleging that he was terminated from his position with the General Services Administration in violation of the Rehabilitation Act of 1973, as amended 29 U.S.C. 701, *et seq.* On April 8, 1986, this court denied the parties' cross-motions for summary judgment and therein rejected the Equal Employment Opportunity Commission's ("EEOC") definition of "position in question" as delineated in *Ignacio v. U.S. Postal Service,* 30 M.S.P.R. 471 (1986). Plaintiff moves the court to reconsider its April 8, 1986 order. In support of his motion plaintiff submits the findings of a Special Panel that was certified by the Merit System Protection Board ("MSPB") to review the EEOC's decision in *Ignacio* pursuant to 5 U.S.C. § 7702. For the reasons stated herein, this court denies plaintiff's motion to reconsider and stands by its April 8, 1986 order.

## DISCUSSION

At issue in this case is whether reassignment must be considered as a means of reasonably accommodating handicapped employees under the Rehabilitation Act of 1973, as amended 29 U.S.C. 701, *et seq.* Specifically, this court was asked to rule on the issue of whether plaintiff is a qualified handicapped person under 29 C.F.R. 1613.-702(f), that provides:

"Qualified handicapped person means with respect to employment, a handicapped person who with or without reasonable accommodation can perform the essential functions of the position in question."

Plaintiff asserted that he was a qualified handicapped person because with or without reasonable accommodation he could perform the essential components of the "position in question" which he defined under *Ignacio* as any position to which he could have been reassigned. Defendants argued that "position in question" does not include all positions to which a handicapped employee may be reassigned. This court

rejected the EEOC's interpretation of "position in question" and held that:

"the language of the regulation suggests that the phrase 'position in question' refers to the position which is the subject of the lawsuit, or 'in question'. The inquiry under the regulation should be whether with reasonable accommodation a plaintiff can do the position to which he was denied as a result of an adverse employment decision. For example, if the case involves a termination, the position in question would be the job from which the plaintiff was discharged. If the case involves a denial of promotion, the position in question would be the position to which the plaintiff sought to be promoted. If the case involves a refusal to hire, the position in question would be the position to which the plaintiff has applied." (Memorandum opinion, p. 5)

This court further held that regulations defining "reasonable accommodation" refer to making the job for which a handicapped person was hired and not another job accessible to handicapped persons. (Memorandum opinion, p. 5).

The fact that a Special Panel, convened for the purpose of reviewing *Ignacio,* has elected to give deference to the EEOC's interpretation in *Ignacio* does not persuade this court to alter its opinion. As defendant correctly points out, the majority of the Panel did not even consider the issue that was raised in *Ignacio* and that is currently before this court. Instead, the majority of the Panel chose to leave the EEOC's interpretation "undisturbed" because they perceived the decision to be reasonable.[1] Without commenting on the appropriateness of such "blanket deference", this court simply notes that the Panel's decision does not present any new support for the EEOC's interpretation. This court has already considered the *Ignacio* decision and chose not to give deference to the EEOC's

---

1. The Panel did note that the EEOC's interpretations may not be the "most reasonable" or the only reasonable interpretation. The Panel also recognized that several courts have undercut the EEOC's interpretations. (see, *infra,* n. 3)

interpretations. The Panel's decision does not persuade this court to alter its holding.

After reviewing the dissenting opinion of Panel member, Herbert Ellingwood, this court is convinced that its initial decision was correct. As Mr. Ellingwood notes at page eight of his dissent, the EEOC decision in *Ignacio* "lacks any legislative, regulatory or judicial authority other than Office of Personnel Management Policy Guidelines[2] and is, therefore, unreasonable." Moreover, this court agrees with Mr. Ellingworth's analysis that "the choice of the singular 'position' rather than 'positions' is conclusive" and that the "notion that by some legerdemain the singular term incorporates the concept of an indefinite number of possible accommodations is simply untenable." (Special Panel dissent, pp. 11–12)

█ Accordingly, this court declines to alter its earlier opinion simply because a Special Panel chose to give "carte blanche" deference to the *Ignacio* decision (dissent, p. 16). This court holds in accordance with other courts[3] that "position in question" does not include all positions to which a handicapped employee may be reassigned. Because there are questions of fact regarding whether plaintiff's "position in question" was that of FPO or the lighter duty position, this cause will proceed to trial.

IT IS SO ORDERED.

---

**2.** This court held that ch. 39, §§ 1–3(b)(2) of the Federal Personnel Manual provides advisory but not compulsory guidance and does not create specific legal rights. (Memorandum opinion, p. 6).

**3.** See, e.g., *Carty v. Carlin*, 623 F.Supp. 1181 (D.Md., 1985); *Jasany v. USPS*, 755 F.2d 1244 (6th Cir.1985); *Alderson v. Postmaster General of the U.S.*, 598 F.Supp. 49 (W.D.Okla.1984) (Special Panel majority opinion at p. 23, n. 16)