**Harold E. CARTER, Plaintiff,**

v.

**William BENNETT, Defendant.**

**Civ. A. No. 85–3451.**

United States District Court, District of Columbia.

Jan. 22, 1987.

John L. McGann, Arlington, Va., for plaintiff.

Frank J. Mack, Sp. Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiff Harold E. Carter, a blind man who was employed by the United States Department of Education, brought this action alleging that his termination from the Department was the result of discrimination on the basis of handicap in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and of reprisal in violation of 42 U.S.C. § 2000e–3(a). Prior to instituting the action, plaintiff had filed an EEO complaint raising substantially similar allegations.

In May 1977, plaintiff was hired by the then Department of Health, Education and Welfare as a GS–1001–9 Public Affairs Assistant with the Office of Civil Rights (OCR). When the Department of Education was established in 1980, plaintiff was transferred to the same position in the newly established Department. While he originally was hired primarily to translate printed matter into Braille, transformation of the Department of Health, Education and Welfare into the Department of Education and the consequent internal reorganization required a shift in his primary responsibilities. More specifically, plaintiff's duties were changed to include responding to general inquiries directed to the OCR. Two years later, on March 16, 1982, plaintiff received a notice from his supervisor stating that his job performance and work attitude were "unsatisfactory" and advising him that he had 30 days to improve or face termination. On July 2, 1982, plaintiff received a notice of "Decision to Remove" effective July 20, 1982.

Plaintiff contends that the Department of Education discriminated against him on the basis of his handicap by requiring him to answer congressional mail, a duty inconsistent with his original job description; by failing to train him in the format to be used in corresponding with congressional offices; and by failing reasonably to accommodate his handicap. He also alleges that his termination was the product of unlawful retaliation. The government asserts that plaintiff was provided reasonable accommodations for the performance of his duties, and that he was discharged for nondiscriminatory reasons.

The Rehabilitation Act of 1973 (Act), 29 U.S.C. § 701 *et seq.*, was the "first major federal statute designed to provide assistance to the whole population of handicapped persons" in the United States. *Shirey v. Devine*, 670 F.2d 1188, 1193 (D.C.Cir. 1982). It prohibits, among other things, discrimination against "otherwise qualified handicapped individuals" in federally funded activities. 29 U.S.C. § 794. It is not necessary here to consider whether, as the government contends, plaintiff is required to prove, in order to prevail, that he is able to perform the essential functions of his position in spite of his handicap, *see Walker v. Attorney General*, 572 F.Supp. 100 (D.D.C.1983), for it is clear that he was not a victim of "surmountable barrier" discrimination.

■ A federal employer has a duty to provide reasonable accommodation for the handicapped. *Prewitt v. United States Postal Service*, 662 F.2d 292, 307 (5th Cir. 1981); 29 U.S.C. § 791(b). This duty is limited to instances where accommodation would not impose "undue hardship." *Prewitt*, 662 F.2d at 308; 29 C.F.R. § 1613.704. While the employer bears the burden of persuading the Court that it provided reasonable accommodation or that

it was unable to accommodate him, once it presents credible evidence of either, plaintiff has the burden of going forward with the evidence concerning possible accommodations to rebut the employer's evidence. *See Prewitt,* 662 F.2d at 308.

 The Department here has met its burden of persuasion with evidence that it reasonably accommodated plaintiff's handicap: specifically, it provided persons to act as readers for plaintiff, it furnished special equipment and office space, and it decreased plaintiff's workload. Plaintiff, by contrast, did not present persuasive evidence establishing that the additional accommodations he desired—such as a full-time reader of his choice, more technologically advanced equipment, and easier access to additional office space—were necessary for adequate performance of his job. Plaintiff likewise presented no evidence that the benefit to him from receiving these additional accommodations sufficiently outweighed the costs to the Department of providing those accommodations. The government is not obligated under the statute to provide plaintiff with every accommodation he may request, but only with reasonable accommodation as is necessary to enable him to perform his essential functions. Plaintiff has failed to establish that the government breached that duty.

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–3(a), makes it an unlawful employment practice for an employer to retaliate against an employee for filing a discriminatory employment charge. In order to succeed on a claim of unlawful retaliation in violation of Title VII, plaintiff must establish: (1) that he was engaged in a statutorily protected activity; (2) that the employer took an adverse employment action; and (3) that a causal connection exists between (1) and (2). *McKinney v. Dole,* 765 F.2d 1129, 1143 (D.C.Cir.1985).

Plaintiff alleges that, in retaliation for filing an EEO complaint, defendant took adverse actions against him in the form of retraction of his within-grade salary increase in March 1982; his proposed removal on June 9, 1982; and the change in the effective date of his removal from July 10 to July 20, 1982. However, plaintiff has entirely failed to prove that a causal connection exists between the protected activity (filing an EEO complaint) and the adverse employment action taken. None of the persons responsible for the adverse employment actions taken against plaintiff had any knowledge of plaintiff's EEO complaint. Furthermore, the Court concludes on the basis of the evidence that these employment actions were legitimately taken against plaintiff because of his unsatisfactory work evaluations.

For the reasons stated above, the Court holds that defendant did not violate the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, or 42 U.S.C. § 2000e–3(a), and that judgment must be in favor of defendant. An appropriate Order accompanies this Memorandum.