**Blane CARTER, Plaintiff-Appellant,**

**v.**

**Preston R. TISCH, Postmaster General; United States Postal Service, Defendant-Appellee.**

**No. 86-1728.**

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1987.

Decided July 6, 1987.

Gary Wallace Smith, for plaintiff-appellant.

Joan Carol Goodrich, Office of Labor Law, U.S. Postal Service, Washington, D.C. (Breckinridge L. Willcox, U.S. Atty., Gary P. Jordan, Asst. U.S. Atty., Baltimore, Md., Stephen E. Alpern, Associate Gen. Counsel, Washington, D.C., on brief), for defendant-appellee.

Before MURNAGHAN and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judges.

MURNAGHAN, Circuit Judge:

After being fired from his employment as a post office custodian, Blane Carter brought suit alleging handicap discrimination under section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The district court granted summary judgment against Carter. Carter is handicapped by asthma. He concedes that he is unable to perform the duties of a custodian. Carter's appeal depends on the argument that the postal service was required to "accommodate" his handicap by assigning him reduced duties.

Blane Carter began work at the Baltimore, Maryland post office as a laborer-custodian in May, 1980. In May, 1982, Carter began to experience bouts of asthma, a disease which he had suffered from since childhood, but which had been under control for several years. Carter was assigned to temporary light duty which relieved him of the obligation to perform tasks which required exertion or generated dust, factors likely to aggravate his asthma. Carter's condition did not improve and he later requested that his work load be further reduced.

In September, 1983, Carter applied for a permanent light duty position. His request was denied for two reasons. First, there were no permanent light duty assignments available in the maintenance craft in which Carter was employed. In addition, a collective bargaining agreement required that an employee have served five years before becoming eligible for a permanent light duty assignment. Carter had not served the requisite five years.

After concluding that Carter could no longer perform the functions of a laborer-custodian, and that no permanent light duty position could be assigned him, the postal service terminated Carter's employment in November, 1983.

Carter then initiated administrative proceedings by filing a formal complaint alleging handicap discrimination. After a hearing, an Equal Employment Opportunity Commission (EEOC) attorney examiner found that Carter had been the victim of discrimination. The attorney examiner did not base her finding of discrimination on a factual conclusion that Carter was capable of performing the full duties of a laborer-custodian. Instead, she found that Carter was capable of performing the duties of a laborer-custodian if he was assigned to permanent light duty.

In its final decision, the EEOC rejected the attorney examiner's recommendation and found no discrimination. Carter then timely filed suit in federal court. The district court concluded that Carter was not eligible for a permanent light duty assignment because such an assignment was prohibited by the collective bargaining agree-

ment. The court further concluded that Carter was unable to perform the duties of a laborer-custodian. For those reasons the district court granted summary judgment against Carter. The present appeal followed.

There is no dispute that Carter cannot perform the full duties of a laborer-custodian. His argument is, instead, that the postal service was required to assign him to another position, that of a permanent light duty laborer-custodian, as a "reasonable accommodation" of his handicap.

■ The postal service was not under an obligation to "accommodate" him by assigning him to permanent light duty. The case law is clear that, if a handicapped employee cannot do his job, he can be fired, and the employer is not required to assign him to alternative employment. In this case the postal service's justification for refusing reassignment is even stronger: it was bound by a collective bargaining agreement. Reassigning Carter to permanent light duty, when he was not entitled to one of a limited number of light duty positions, might have interfered with the rights of other employees under the collective bargaining agreement.

Section 504 of the Rehabilitation Act provides that:

No *otherwise qualified* individual with handicaps ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted ... by the United States Postal Service.

29 U.S.C. § 794 (Supp.1987) (emphasis added). A handicapped person is said to be "otherwise qualified" for a position if he can perform the job if reasonable accommodation is made for his handicap, or without reasonable accommodation.[1] The question

in the present dispute is whether a job transfer is "reasonable accommodation."

In its most recent word on job transfer as reasonable accommodation, the Supreme Court said:

Employers have an affirmative obligation to make a reasonable accommodation for a handicapped employee. Although they are not required to find another job for an employee who is not qualified for the job he or she was doing, they cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies.

*Marsh v. Arline*, —— U.S. —— n. 19, 107 S.Ct. 1123, 1131 n. 19, 94 L.Ed.2d 307 (1987). Although dicta, such language suggests that an employer is not required to find alternative employment for an employee who cannot perform his job unless the employer normally provides such alternative employment under its existing policies. The post office does not normally assign permanent light duty to an employee who has served for less than five years.[2] Thus, the Supreme Court's dicta suggests that Carter was not entitled to a light duty assignment and the failure to provide one was not discriminatory.

The weight of the case law authority which more directly addresses the issue is also against appellant. In *Jasany v. United States Postal Service*, 755 F.2d 1244, 1250 (6th Cir.1985), the court held that an employer cannot be required to accommodate a handicapped employee by restructuring a job in a manner which would usurp legitimate rights of other employees under a collective bargaining agreement. In *Daubert v. United States Postal Service*, 733 F.2d 1367 (10th Cir.1984), the Tenth Circuit held that:

USPS could rely on the collective bargaining agreement in discharging Daubert. USPS's contractual obligations to

---

**1.** "Qualified handicapped person" means ... a handicapped person who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others....
29 C.F.R. § 1613.702(f) (1986).

**2.** The collective bargaining agreement appears to forbid such assignments, but, even if it does not, plaintiff has not alleged that employees with less than the required amount of service have been assigned light duty.

its employees and their union under the collective bargaining agreement clearly articulates [sic] a legitimate business reason for Daubert's discharge.

733 F.2d at 1370. In *Wimbley v. Bolger,* 642 F.Supp. 481 (W.D.Tenn.1986), the court held that:

> [A] federal agency is under no obligation to transfer a handicapped employee from the job for which he is employed to some other position in order to provide him with work which he can perform.

642 F.Supp. at 486. *Carty v. Carlin,* 623 F.Supp. 1181 (D.Md.1985), concerned a postal worker, who, like appellant, served as a laborer-custodian. The district court held that the postal service was not required to accommodate a handicapped employee by reassigning him to another position:

> There is nothing in the law or ... regulations to suggest that reasonable accommodation requires an agency to reassign an employee to another position.

623 F.Supp. at 1189. The court was also concerned for the rights of other employees who might be hurt by a preferential transfer:

> If the plaintiff were automatically reassigned to another department, this could eliminate his need to compete with other qualified employees. Such a reassignment might also violate other employees' rights secured by the collective bargaining agreement between the Postal service and the unions.

623 F.Supp. at 1189; *Alderson v. Postmaster General,* 598 F.Supp. 49, 55 (W.D.Okla. 1984) ("Plaintiff ... [is] not ... entitled, as an 'accommodation' required by the regulations, to be assigned to a different job."); *Dancy v. Kline,* 639 F.Supp. 1076 (N.D.Ill. 1986).

As the foregoing summary of the decided cases reveals, there is no case law support for appellant's contention that he should have been offered a light duty assignment. However, a decision by a special panel of the Merit Systems Protection Board, *Ignacio v. U.S. Postal Service,* 30 M.S.P.R. 471 (Spec.Pan.1986), lends limited support to appellant's position.[3] Applying a standard of review highly deferential to the EEOC—"any reasonable basis"—the Special Panel upheld an EEOC decision requiring a job transfer as a "reasonable accommodation." 30 M.S.P.R. at 486.

The position taken by the EEOC and deferred to by the Special Panel in *Ignacio* has been firmly rejected by the courts which have considered it. *Dancy v. Kline,* 639 F.Supp. 1076, 1079, 1080–83 (N.D.Ill. 1986); *Carty v. Carlin,* 623 F.Supp. 1181, 1188 (D.Md.1985) (while there is authority indicating that reassignment is not precluded from possible forms of accommodation there are no cases holding that reassignment is required). None of the courts which have considered the EEOC regulations defining reasonable accommodation have concluded that an alternative assignment is a required accommodation. *Marsh v. Arline,* —— U.S. ——, —— n. 19, 107 S.Ct. 1123, 1131 n. 19, 94 L.Ed.2d 307 (1987); *Jasany v. United States Postal Service,* 755 F.2d 1244 (6th Cir.1985); *Daubert v. United States Postal Service,* 733 F.2d 1367, 1371–72 (10th Cir.1984); *Alderson v. Post Master General,* 598 F.Supp. 49, 55 (W.D.Okla.1984); *Wimbley v. Bolger,* 642 F.Supp. 481 (W.D.Tenn.1986).

Second, plaintiff relies on *Doe v. Hampton,* 566 F.2d 265 (D.C.Cir.1977), a case concerning an emotionally unstable government typist, who was fired from her job. The district court granted summary judgment against the employee. The D.C. Circuit found that summary judgment was improper because, the government had failed to comply with its own regulations.

Reliance on *Doe v. Hampton,* does not advance appellant's argument. Carter's complaint alleges handicap discrimination under the Rehabilitation Act. To obtain relief on the alternative theory that the postal service had not complied with its own regulations, Carter's argument would have to be that the agency had acted in an

---

**3.** The Special Panel was established by Congress as part of the Civil Service Reform Act. 5 U.S.C. § 7702(6)(A). Its purpose is to resolve disputes between the MSPB and the EEOC which arise because of the overlapping jurisdiction of the two agencies.

arbitrary and capricious manner. However, he has not challenged his termination as arbitrary agency action and he cannot now raise this claim.[4]

In summary, the overwhelming weight of authority is against appellants' argument that the postal service was required to "reasonably accommodate" him by assigning him to a light duty position. Furthermore, even were there a duty to reassign in some cases, such a duty would not defeat the provisions of a collective bargaining agreement unless it could be shown that the agreement had the effect or the intent of discrimination. Therefore, the district court properly granted summary judgment: Appellant was incapable of performing the full duties of a laborer-custodian, and the government had no obligation to provide him with a different job.

AFFIRMED.

---

4. Carter has not cited the regulations, nor are they part of the record.