**Stuart H. FIELDS**

v.

**Richard E. LYNG.**

**Civ. No. JFM–88–1772.**

United States District Court,
D. Maryland.

Sept. 29, 1988.

See also 28 M.S.P.R. 172.

Stuart H. Fields, Potomac, Md., pro se.

Linda A. Halpren, Asst. U.S. Atty., Washington, D.C., and Juliet Eurich, Asst. U.S. Atty., Baltimore, Md., for defendant.

MEMORANDUM

MOTZ, District Judge.

Plaintiff Stuart H. Fields brings suit alleging that his removal from government employment was the result of handicap discrimination. Fields was employed by the United States Department of Agriculture ("USDA"), Agricultural Research Service ("ARS") from 1976–84 as a GS–13 in Hyattsville and Beltsville, Maryland. From 1981 until his removal, Fields served as a labor relations specialist. His duties involved negotiating with unions and representing management at labor arbitrations and before the Federal Labor Relations Authority. Performance of these duties required extensive travel. Fields' work was consistently evaluated as being satisfactory.

Fields has been diagnosed as suffering from Borderline Personality Organization with obsessive compulsive features. This condition has existed since 1981. Apparent side effects of Fields' behavioral disorder are anxiety over travel and a propensity to shoplift, or kleptomania. On August 29, 1983, Fields was arrested for shoplifting while in Fargo, North Dakota on government business. He later pled guilty. In February, 1984, ARS learned of Fields' shoplifting from a government whistleblower complaint. Subsequent investigation revealed numerous other shoplifting incidents involving Fields, both in Washington, D.C. and in cities to which he travelled on government business.[1]

1. The government claims Fields was involved in 48 separate incidents of shoplifting or of demanding and receiving cash refunds for stolen merchandise. He also is known to have used false identification to obtain refunds. While Fields disputes the number of incidents, he admits that he has engaged in repeated shoplifting and related criminal behavior.

2. Plaintiff contends that this Court should defer ruling upon the pending motion for summary judgment until he has had an opportunity to conduct discovery. However, plaintiff has not submitted any affidavit sufficient to meet the requirements of Fed.R.Civ.P. 56(f), and the facts upon which this Court's decision is based are fully established by the record.

On July 25, 1984, Fields was fired because of his shoplifting, consequent conviction and related dishonesty. The decision to remove Fields was upheld by the Merit Systems Protection Board ("MSPB"), which found that Fields was neither handicapped nor a qualified handicap. On appeal, the Equal Employment Opportunity Commission ("EEOC") also rejected Fields' discrimination claim. While finding that he was handicapped, the EEOC held that Fields was not a qualified handicap, and that ARS nevertheless reasonably accommodated Fields' handicap. Fields appealed this decision in the United States District Court for the District of Columbia. The action was transferred to this court to satisfy venue requirements.

## DISCUSSION

In order to sustain his claim, Fields must be able to prove three things. First, he must show that he is handicapped. Second, assuming that he is handicapped, he must demonstrate that he is a qualified handicapped individual, able to perform the essential duties of his job in spite of his handicap. Finally, if he is an otherwise qualified handicapped individual, he must show that the government has failed to reasonably accommodate his handicap. *See* 29 C.F.R. §§ 1613.701–.704; *Treadwell v. Alexander*, 707 F.2d 473, 475–78 (11th Cir.1983); *Carty v. Carlin*, 623 F.Supp. 1181, 1184–88 (Md.1985); *Anderson v. University of Wisconsin*, 665 F.Supp. 1372, 1391 (W.D.Wis.).[2]

Plaintiff also asserts as an ancillary claim that his discharge was in violation of the Civil Service Reform Act. He argues that defendant is not entitled to summary judgment on that claim because it has not affirmatively demonstrated in this Court that his removal promotes the efficiency of the ARS. *See* 5 U.S.C. §§ 7513, 7701(c)(1) and 5 C.F.R. § 1201.56(a). However, a party is not entitled to *de novo* review of any adverse judgment under the Civil Service Reform Act, and an agency decision on a non-discriminatory claim is reviewed on the administrative record only. *See Romain v. Shear*, 799 F.2d 1416, 1420–21 (9th Cir.1986). The facts as established in that record provide absolutely no basis for overturning the decision made by the agency.

*Is Plaintiff Handicapped?*

The threshold requirement which plaintiff must meet under the Act is to demonstrate that he is handicapped. *Jasany v. United States Postal Service,* 755 F.2d 1244, 1248 (6th Cir.1985); *Carty,* 623 F.Supp. at 1184. A handicapped individual is one who:

> (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such impairment, or (iii) is regarded as having such an impairment.

29 U.S.C. § 706(7)(B). Major life activities are defined by the EEOC as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1613.702(c).

Fields' alleged handicap is a mental condition referred to as Borderline Personality Organization, symptoms of which include depression, anxiety, and, in this case, kleptomania. The major life activity which his disorder arguably limits is his ability to work. Specifically, Fields argues that his mental condition interfered with his ability to perform his duties as a labor relations specialist in that he had difficulty handling the anxiety produced by his frequent travelling. The EEOC agreed that Fields was handicapped, noting that he had suffered a variety of mental problems, that he had undergone treatment for his condition and that his capacity to carry out the tasks of his job had deteriorated so that his condition interfered with his ability to work.

■ To determine whether an impairment is "substantial," a number of factors must be considered—the number and type of jobs from which the impaired individual is disqualified, the geographical area to which the individual has reasonable access, and the individual's job expectations and training. *Carty,* 623 F.Supp. at 1185. An impairment interfering with only one job or only a narrow range of jobs is not substantially limiting. *Jasany,* 755 F.2d at 1248,

1249 n. 3. An impairment may be a handicap, however, if it forecloses the general type of work involved. *Forrisi v. Bowen,* 794 F.2d 931, 934 (4th Cir.1986).

The EEOC's finding that Fields was handicapped is open to question.[3] Although Fields has difficulty traveling and although his reputation for integrity has been weakened, his general work was evaluated as satisfactory. The majority of his problems came from off-duty behavior. Further, although he has submitted evidence showing that he has sought over 300 hundred jobs without success, it appears that he has restricted his job searches in a manner that virtually guaranteed their failure since he repeatedly applied only for jobs that required extensive travel as a labor relations specialist. However, since this question is not entirely free from doubt, *cf. Doe v. New York University,* 666 F.2d 761, 775 (2d Cir.1981); *Carty,* 623 F.Supp. at 1185, and since defendant is clearly entitled to summary judgment on other grounds, this Court will refrain from deciding whether plaintiff is handicapped.

*Is Fields An Otherwise Qualified Handicapped Individual?*

■ Assuming arguendo that Fields is handicapped, he must next demonstrate that he is an otherwise qualified handicapped individual. A qualified handicapped person is defined as "a handicapped person who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others...." 29 C.F.R. § 1613.702(f). In accord with this definition, handicap discrimination laws protect only those who can do their job *in spite of* their handicap, not those who could do it *but for* their handicap. *Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979); *Stevens v. Stubbs,* 576 F.Supp. 1409, 1415 (N.D.Ga. 1983); *see also Cook v. United States Department of Labor,* 688 F.2d 669, 670–71

---

**3.** This Court is not bound by the EEOC's finding. Although prior administrative findings in a discrimination suit may be admitted as evidence at trial, the court's standard of review on

all substantive issues is *de novo. See Chandler v. Roudebush,* 425 U.S. 840, 863, 96 S.Ct. 1949, 1960, 48 L.Ed.2d 416 (1976); *Prewitt v. U.S. Postal Service,* 662 F.2d 292, 303 (5th Cir.1981).

(9th Cir.1982); *Prewitt,* 662 F.2d at 307. An employee therefore is not protected by discrimination laws unless he is able to perform the prerequisites of his job. *See Stevens,* 576 F.Supp. at 1415.

This requirement creates an inescapable quandary for Fields which is fatal to his claim. The basis for finding him handicapped in the first place must be (1) that the anxiety of travel severely aggravated his behavioral disorder, making him incapable of continuing to perform his assigned duties, and (2) that his associated kleptomania weakened his credibility and integrity as a labor negotiator. If Fields is thus incapable of performing his essential duties because he cannot travel safely or be trusted as a negotiator, then he is not an otherwise qualified handicapped person in spite of his handicap. He would only be qualified but for his handicap, and as such, he is not entitled to reasonable accommodation. *See Pushkin v. Regents of University of Colorado,* 658 F.2d 1372, 1387 (10th Cir. 1981); *Carty,* 623 F.Supp. at 1186.

*Did ARS Fail To Accommodate Reasonably Fields' Handicap?*

■ The finding that Fields is not a qualified handicap is, of course, dispositive of his claim. Nevertheless, in order to establish a complete record in the event of an appeal, this Court will address the question of whether, assuming that Fields is a qualified handicap, ARS failed to accommodate his handicap reasonably.

■ The government has a duty to reasonably accommodate an otherwise qualified handicap's handicap so that he can perform the essential functions of his position. 29 C.F.R. § 1613.704; *see Treadwell,* 707 F.2d at 477; *Prewitt,* 662 F.2d at 306–07. Likewise, it cannot deny an employee alternative employment opportunities reasonably available under existing agency policies. *See Marsh v. Arline,* 480 U.S.

273, 107 S.Ct. 1123, 1131 n. 19, 94 L.Ed.2d 307 (1987). However, the efforts mandated by this duty are not limitless. The government need not transfer an employee as a reasonable accommodation simply because he is handicapped. *See Carter v. Tisch,* 822 F.2d 465 (4th Cir.1987). Reasonable accommodation likewise does not require the government employer to reassign an employee, *see Carty,* 623 F.Supp. at 1188, to create a new position for the employee, *see Rhone v. United States Department of the Army,* 665 F.Supp. 734, 746–47 (E.D. Mo.1987), or to restructure a job in a way that would usurp the legitimate rights of other employees. *See Daubert v. United States Postal Service,* 733 F.2d 1367 (10th Cir.1984). Although many of these actions may be taken as a reasonable accommodation if no undue hardship would be imposed on the operation of the agency program, 29 C.F.R. § 1613.704(a), none are required.

Against this background, Fields' contention that he was not reasonably accommodated fails.[4] As a result of his alleged handicap, Fields could not travel safely and had lost the trust of those with whom he worked. He therefore could not continue in the same negotiating position which he had held, and accommodation would have required creating an entirely new position or restructuring his duties. This would have affected the legitimate rights of other employees at ARS. In the final analysis, Fields' abilities and restrictions were simply no longer compatible with potential job opportunities within ARS, and ARS cannot be forced to endure the hardship of accommodating his impairment. *See* 29 C.F.R. § 1613.704, *Carter v. Tisch,* 822 F.2d at 467; *Treadwell v. Alexander,* 707 F.2d at 478.

A separate order granting defendants' motion for summary judgment is being entered herewith.

4. It should also be noted that although from 1981 to 1984, ARS accommodated Fields' requests for sick leave, treatment for depression and access to the Employee Assistance Program, there is no indication that Fields made his superiors aware that kleptomania was associated with his problems until after the decision was made to discharge him. Since an employer is required to make reasonable accommodations only for a "known physical or mental limitation," 29 C.F.R. § 1613.704(a), Fields' contention of an absence of reasonable accommodation falls on this ground as well. *See Butler v. Dept. of the Navy,* 595 F.Supp. 1063, 1067–68 (D.Md. 1984).

**1138**

## ORDER

For the reasons stated in the memorandum entered herein, it is this 29th day of September 1988

ORDERED

1. Defendant's motion for summary judgment is granted; and

2. Judgment is entered in favor of defendant against plaintiff.