**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHIRLEY JOE,
<u>Plaintiff-Appellant,</u>

v.

TOGO D. WEST, JR., Secretary,
Department of the Army,

<u>Defendant-Appellee,</u>

and

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
<u>Defendant.</u>

No. 97-1975

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CA-95-96)

Submitted: February 10, 1998

Decided: February 24, 1998

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth L. Roberts, ROBERTS & ROBERTS, P.C., Newport News,
Virginia, for Appellant. Major Joel E. Wilson, Litigation Attorney,

UNITED STATES ARMY LEGAL SERVICES OFFICE, Arlington, Virginia; Helen F. Fahey, United States Attorney, Michael A. Rhine, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shirley Joe appeals from the district court's order granting Appellee's motion for summary judgment and dismissing her complaint filed pursuant to the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797 (West 1985 & Supp. 1997). Finding no reversible error, we affirm.

Joe began working for Appellee in April 1989 as a Medical Data Technician. Her position required that she type at a computer terminal for a full eight-hour work day. In July 1989, Joe began complaining about eye strain, allegedly caused by using the computer. She asked for a transfer, but there were no other positions available in her unit. Her supervisor made "unofficial" inquiries into the availability of positions in other units, but there were none. Joe sought medical treatment for her eye problems in the fall of 1989. While none of her treating physicians could find an organic reason for her pain, they opined that it might be caused by using the computer. In an effort to accommodate Joe, her supervisors placed her on a light duty schedule, which only required her to type at a computer terminal for four hours a day. The remainder of the day was spent doing other administrative duties. Another person was assigned to do the remainder of Joe's typing duties. This caused a considerable backlog in Joe's section. In the spring of 1990, Joe's supervisors placed a temporary glare screen on her computer and ordered a permanent glare screen. The Appellee made these efforts to accommodate Joe even though she failed to provide requested medical documentation.[1] Despite Appellee's efforts to

_____

[1] Joe's supervisors requested that she provide medical documents describing the exact nature of her eye problems, potential causes and

2

accommodate her, Joe's supervisors rated her performance unsatisfactory. Appellee terminated Joe in May 1990.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted the Appellee's motion.

To establish a prima facie case under the Rehabilitation Act, Joe must show that she has a disability, is otherwise qualified for the job, and was terminated solely because of her disability. See Myers v. Hose, 50 F.3d 278, 281 (4th Cir. 1995) (applying the same proof scheme used for claims under the Americans with Disabilities Act). The district court found that while Joe's eye strain was not a physical disability which limited a major life activity, there was a genuine issue of material fact concerning whether her supervisors considered her to have a disability. The court nevertheless found that Joe was not otherwise qualified for the job because no reasonable accommodation would allow her to type at a computer terminal for eight hours a day. The court further found that it was not reasonable for Appellee to reassign Joe to another position which did not require typing at a computer.**2**

Although both parties discussed the issue in their briefs, we decline to address whether Joe had a disability as defined by the Rehabilitation Act or was regarded as having such by Appellee. Even assuming

_____

courses of treatment, and recommending ways Appellee could accommodate her.

**2** The district court did not address whether Joe was terminated solely because of her handicap. Since resolution of this issue is not necessary to the disposition of this case, we decline to address it.

3

she satisfied this element, we agree with the district court that she failed to show that a genuine issue of fact existed on the issue of whether she could perform the essential functions of the job with or without reasonable accommodation. It is undisputed that the position required Joe to type at a computer for most, if not all, of an eight-hour work day. However, even after Joe's supervisors reduced this requirement to four hours, obtained a temporary glare screen for her, and Joe received new glasses, her work was still unsatisfactory. As a result, she was unable to perform the essential functions of her job, even with reasonable accommodations. Moreover, at the time of her discharge, Joe provided no evidence, other than mere speculation, that any other accommodations would enable her to type for a full eight hours.[3] Finally, we reject Joe's assertions that Appellee was required to reassign her to a job which did not require typing at a computer. See Carter v. Tisch, 822 F.2d 465, 467 (4th Cir. 1987) (employer is not required to reassign plaintiff to alternative employment).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3] We find Joe's reliance on a letter by Dr. Brown misplaced because it was written after Joe's termination, and Dr. Brown's recommendations were based on information provided by Joe. We also reject Joe's assertion that her supervisors should have followed the Army Surgeon General's guidelines regarding the use of video display terminals. First, the guidelines do not carry the force of a regulation; they are merely suggestions. Second, they are general in nature. To deal effectively with Joe's alleged problems, her supervisors needed specific information from her doctors concerning the exact nature of her problems and recommended courses of treatment; Joe failed to provide such information.

4