**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1966**

WILLIAM CLAYTON STANSBURY, JR.,

Plaintiff - Appellant,

v.

CITY OF ANNAPOLIS,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Timothy J. Sullivan, Magistrate Judge. (1:15-cv-00497-TJS)

Submitted: June 13, 2019                                 Decided: June 17, 2019

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William Clayton Stansbury, Jr., Appellant Pro Se. Gary Michael Elson, CITY OF ANNAPOLIS OFFICE OF LAW, Annapolis, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Stansbury, Jr., appeals the magistrate judge's judgment for the defendant following a bench trial on Stansbury's discrimination and retaliation claims under the Americans with Disabilities Act, 42 U.S.C.A. 12101-12213 (West 2013 & Supp. 2018).[*] In the appeal of a bench trial, we review findings of fact for clear error and conclusions of law de novo. *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 357 (4th Cir. 2014). But Stansbury does not challenge the magistrate judge's factual findings or retaliation holding on appeal; rather, he only raises two legal arguments regarding his discrimination complaint. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

First, Stansbury asserts that because his employer knew of his need for disability accommodation, it should be held liable for its failure to initiate an informal, interactive process seeking a reasonable accommodation for him. But we have held that "liability for failure to engage in an interactive process depends on a finding that, had a good faith interactive process occurred, the parties could have found a reasonable accommodation that would enable the disabled person to perform the job's essential functions." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 347 (4th Cir. 2013) (quotation marks omitted). The

---

[*] The parties consented to the exercise of jurisdiction by the magistrate judge. *See* 28 U.S.C. § 636(c)(1) (2012).

2

magistrate judge found that Stansbury could not meet that standard, and we see no error in that determination.

Second, Stansbury argues that the magistrate judge improperly failed to consider the defendant's accommodations for other employees. However, unlike in Stansbury's situation, those employees were moved to other positions for reasons unrelated to a disability. In addition, an employer is "not required to find another job for an employee who is not qualified for the job he . . . was doing," *Guillot v. Garrett*, 970 F.2d 1320, 1326 (4th Cir. 1992) (internal quotation marks omitted), to reassign essential job functions, *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 687 (4th Cir. 1997), or to assign an employee permanent light duty, *Carter v. Tisch*, 822 F.2d 465, 467 (4th Cir. 1987).

Therefore, we affirm the magistrate judge's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*