**Malendia Wade UMPHRIES,**
**Plaintiff–Appellant,**

v.

**Dr. Jerome B. JONES and Board of Education of City of St. Louis Public Schools, et al., Defendants–Respondents.**

No. 57833.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 13, 1991.

L. Richard Brinkman, Jr., Gumersell, Denk & Brinkman, Arnold, for plaintiff-appellant.

Kenneth C. Brostron, Jeffrey J. Lowe, Sandra J. Allen, Lashley & Baer, St. Louis, for defendants-respondents.

SMITH, Presiding Judge.

Appellant teacher appeals from the decision of the trial court upholding the action of the respondent school board approving the suspension and removal of teacher by the Superintendent. We affirm.

Teacher was employed as an instructional coordinator at the King Middle School. She is certified as a social studies teacher for grades 7 through 12. An instructional coordinator is an administrative post. It requires the employee to move throughout the building observing classes and assisting teachers in providing quality education and instruction. King Middle School is a

four story building with concrete stairs and floors. It has no elevator.

In June 1986, teacher was struck by a school van and sustained a concussion. Thereafter she began sustaining convulsive seizures—epileptic-like in nature. Initially the seizures were very frequent and severe in nature. Under medication both the severity and the frequency have been reduced, but even with medication teacher continues to experience seizures during which she blacks out and loses control of her body. Several of these attacks occurred while at school. At least one and possibly two occurred when teacher was on the steps. In the one attack clearly occurring on the steps teacher fell down the steps and incurred minor injuries to her face. On some occasions, but not always, the teacher will have a premonition (medically referred to as an "aura") immediately preceding or as an early part of the seizure. When these aurae occur teacher can sit down in a place of safety.

There was no medical dispute that teacher is not seizure-free and there was no prognosis that she would ever be. In the deposition of the school board's medical witness he opined that teacher could work but should not work in an environment where she would have to traverse concrete steps. Teacher's medical expert believed teacher could work with safety to herself and others at her job for the school. That expert was unaware that teacher's job entailed traversing concrete stairs as much as a hundred times a day.

The Superintendent suspended teacher without pay on September 6, 1988 on the basis that her medical condition incapacitates her, making it impossible for her to perform her job with safety to herself and others. Following a hearing the Board found, on April 14, 1989, that continued employment as an instructional coordinator "will result in substantial harm to herself and others." It therefore upheld the suspension, removed her from her position as instructional coordinator and directed that she be reassigned to a comparable non-teaching position at a non-school site. On July 24, 1989, teacher was assigned to the

position of City–County Consumer Project Coordinator at a non-school site. At the time of her suspension teacher's salary was $34,900; her new position pays $37,742.

On appeal teacher raises three contentions of error. Initially she contends the Board's finding that her continued employment "will result in substantial harm to herself and others" was unsupported by substantial and competent evidence. Secondly, she contends the trial court erred in not requiring the school board to make reasonable accommodations in light of her physical condition including consideration of reassigning employees. Finally she premises error on the failure of the circuit court to award her back pay since she contends that she was reassigned and not removed pursuant to Sec. 168.221, R.S.Mo. 1986. Our scope of review is limited to a determination of whether or not the Board's decision is supported by competent and substantial evidence upon the record as a whole, whether the decision was arbitrary, capricious or unreasonable, or whether the administrative action constituted an abuse of discretion. *Gamble v. Hoffman*, 732 S.W.2d 890 (Mo.banc 1987) [1]. The parties here have focused entirely on the first standard-competent and substantial evidence.

Sec. 168.221.3 R.S.Mo.1986 provides that a permanent teacher may be removed for a physical impairment which incapacitates the teacher for instructing or associating with children. Neither side questions that if teacher's physical impairment places her in danger of serious injury to herself in the course of doing her job that section would apply and allow removal. There is no doubt that teacher suffers from seizures resulting in blackouts and loss of body control. These seizures are unpredictable and, on occasions at least, unanticipated. There is no question that teacher's employment as an instructional coordinator requires her to traverse concrete stairs on a constant basis daily. While teacher has not been seriously injured as a result of her seizures, it is common knowledge, supported here by medical testimony, that serious, even fatal, injuries can occur when

people fall on concrete steps connected to concrete floors. Given teacher's admitted physical condition and the nature of her work the board could reasonably have found that her physical impairment could lead to serious injury to her in the regular course of her employment.

We turn to teacher's second point—reasonable accommodations. Sec. 213.010, R.S.Mo.1986, defines "handicap" as a "physical or mental impairment which substantially limits one or more of a person's major life activities, or a condition perceived as such, which with or without reasonable accommodation does not interfere with performing the job ..." It is an unlawful employment practice to discharge or discriminate against an employee because of a handicap. Sec. 213.055, R.S.Mo. 1986. A person is not handicapped under the Missouri statute if the physical impairment interferes with performance of the job. Such impairment does not interfere with the job if reasonable accommodations can be made so the employee can perform the job. Missouri unlike the federal law, makes the question of reasonable accommodations a part of the test of whether a handicap exists.

Missouri has adopted the federal burden shifting procedures enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *Midstate Oil Company, Inc. v. Missouri Commission on Human Rights*, 679 S.W.2d 842 (Mo.banc 1984) [1, 2]. It was teacher's obligation under those cases to establish a prima facie case of discrimination under the statute. That proof carried with it, under the Missouri statute, a requirement that teacher establish that with reasonable accommodations she could perform the job. Accommodation is not reasonable if it either imposes "undue financial and administrative burdens" on the employer or requires a fundamental alteration in the nature of the program. *School Board of Nassau County, Florida v. Arline*, 480 U.S. 273, 287 fn. 17, 107 S.Ct. 1123, 1131 fn. 17, 94 L.Ed.2d 307 (1987). Teacher has not established that any reasonable accommodation could have

been made at the workplace to allow her to perform her job. Her job entailed movement throughout the building utilizing concrete steps. No reasonable accommodation could change that requirement and it is that requirement coupled with the physical impairment which prevents teacher from doing her job.

Teacher suggests that she should have been accommodated either by transfer to Vashon High School which has an elevator, or by reassignment as a social studies teacher to a school where she could teach on the ground floor. The only evidence in the record is that the district examined these possibilities but had no vacancies in schools meeting those criteria. Employers are not required to find another job for an employee who is not qualified for the job he or she was doing although an employer cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies. *Id.* ftnt. 19. Teacher suggests that the district should have transferred an instructional coordinator from Vashon to King Middle School and transferred her into the vacancy so created. The only evidence of record is that such "bumping" conflicts with established school board policy and considerations of seniority in assignments. Reasonable accommodation does not require the employer to reassign an employee or to restructure a job in a way that would usurp the legitimate rights of other employees. *Fields v. Lyng*, 705 F.Supp. 1134 (D.C.Md.1988) [4]; *Carter v. Tisch*, 822 F.2d 465 (4 Cir.1984) [1–3]. Teacher has failed to carry her burden of establishing that she is handicapped under the Missouri statute because she failed to establish that she can perform her job with reasonable accommodations. The evidence of record established that the accommodations necessary for her to perform her job are unreasonable.

Teacher finally contends that she is entitled to back pay because she was not removed from her job but was only reassigned. Sec. 168.221.3 provides for suspension "but in the event the board does not by a majority vote of all the members

remove the teacher or principal upon charges presented by the superintendent, the person shall not suffer any loss of salary by reason of the suspension." The Board did utilize the term "reassign" in its order. But it was proceeding on charges brought by the superintendent to remove teacher and it did in fact remove her from her position as instructional coordinator. In essence it terminated teacher as an employee and rehired her in a different capacity. The thrust of the statute is to preserve the compensation rights of a tenured teacher who is suspended and subsequently found not to be terminable. It does not have application in the situation before us where the teacher is found to be terminable and where the Board gratuitously finds other employment for her.

Judgment is affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.