Daniel B. GOULD, M.D.,
Petitioner/Appellant,

v.

MISSOURI STATE BOARD OF REGIS-
TRATION FOR THE HEALING ARTS,
and Deaconess Health Services Corp.,
and Kemper Coffelt, Esq., and William
T. Morgan, Respondents/Respondents.

No. 61813.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 10, 1992.

Gerald K. Rabushka, Cynthia Ann Frank, Gerald K. Rabushka and Associates, St. Louis, for petitioner/appellant.

William L. Webster, Atty. Gen., Sara L. Trower, Asst. Atty. Gen., Jefferson City, Kemper Coffelt, Coffelt & Coffelt, Clayton, for respondents/respondents.

CRANE, Judge.

Petitioner, Dr. Daniel B. Gould, a Missouri licensed physician, appeals from an order of the trial court dismissing with prejudice Counts I through III of his first amended petition in which he sought equitable relief, a writ of mandamus and a writ of prohibition. The respondents in Counts I, II and III were the Missouri State Board of Registration for the Healing Arts [the Missouri Board], Deaconess Health Services Corp. [Deaconess], and Kemper Coffelt, an attorney.[1]  We find that none of the three counts states a claim for which relief can be granted and affirm the judgment of the trial court.

The facts alleged in the first amended petition indicate that this action arises out of Gould's efforts to become licensed as a physician in the State of Florida and to obtain a favorable endorsement of his qualifications from the Missouri Board.  Gould had resigned from Deaconess Hospital. On December 18, 1989 the Missouri Board issued a subpoena to Kemper Coffelt as representative of Deaconess for information about Gould and his resignation from Deaconess Hospital.  On May 16, 1990, the Missouri Board issued an endorsement to the Florida Board of Medical Examiners [Florida Board], stating that Gould's license is in good standing and their records did not "indicate any derogatory nature" concerning him.  Subsequently, on January 30, 1991, William Morgan, an investigator from the Missouri Board, advised the Florida Board that Gould had been dismissed from Deaconess Hospital and had obstructed the Missouri Board's attempt to investigate.

By way of relief Gould sought an order quashing the subpoena from the Missouri Board to Deaconess and an order requiring the Missouri Board to issue an order stating that Gould is in good standing and has no charges pending.  Gould further requested a writ of prohibition against the respondents to prevent them from investigating his resignation from Deaconess and communicating to the Florida Board about any investigation of him.  Gould also sought a writ of Mandamus compelling the Missouri Board to issue a favorable endorsement to the Florida Board concerning Gould's status with the Missouri Board.

In its answer, the Missouri Board denied that Gould was entitled to the relief re-

---

1.  William T. Morgan was a defendant in Count IV.  This count was transferred to the Cole County Circuit Court on venue grounds.

quested under Counts I, II and III, raised the defense that the petition failed to state a claim upon which relief could be granted, and requested the petition be dismissed. The Missouri Board attached an affidavit and exhibits indicating that the subpoena had been withdrawn. The Missouri Board subsequently filed a separate motion to dismiss on the grounds of mootness or for judgment on the pleadings. It incorporated its answer into the motion. After a hearing, the circuit court dismissed Counts I, II and III of the petition with prejudice. Gould appeals from this order.

For his first point Gould asserts that the trial court erred in dismissing Counts I, II and III of his first amended petition.[2] His point is stated as follows:

THE TRIAL COURT ERRED IN DISMISSING COUNTS I, II AND III OF DR. GOULD'S PETITION BECAUSE 1) THE PETITION CLEARLY STATES A CAUSE OF ACTION IN MANDAMUS; 2) THE PETITION CLEARLY STATES A CAUSE OF ACTION IN PROHIBITION; 3) THE PETITION CLEARLY STATES A CAUSE OF ACTION PURSUANT TO SECTION 536.100 RSMO WHICH REQUIRES A COURT DECISION IN CIRCUMSTANCES OF UNREASONABLE DELAY OF ADMINISTRATIVE ACTION BY ANY AGENCY AND BECAUSE 4) NO COMPLAINTS OR CHARGES HAVE BEEN FILED WITH THE MISSOURI STATE BOARD SUCH THAT THE ISSUANCE OF A SUBPOENA IS OR WAS WARRANTED, YET AFTER STATING IN LETTERS (LF 11–12) THAT SAID SUBPOENA IS WITHDRAWN, THE STATE BOARD CONTINUES TO REPRESENT TO THE STATE OF FLORIDA AND TO OTHER PARTIES THAT THERE IS AN ONGOING INVESTIGATION OF DR. GOULD, WHICH ACTIONS BY THE STATE BOARD ARE NOT WITHIN ITS JURISDICTION OR AUTHORITY TO ACT.

The contentions advanced in this point are too general to raise an issue on appeal. Rule 84.04(d); *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 565 (Mo.App.1987). These statements do not set forth with sufficient specificity "wherein and why" the trial court erred. In particular they do not say why each dismissed count stated a cause of action.[3] We will nevertheless gratuitously address the arguments made under that point in order to render a decision on the merits.

In reviewing a dismissal for failure to state a claim, we give the pleadings their broadest intendment. *Stevenson v. City of St. Louis School Dist.*, 820 S.W.2d 609, 611 (Mo.App.1991). We treat all facts properly pleaded as true and construe all allegations favorably to plaintiff. *Id.* We consider any attached exhibits as part of the petition for all purposes. *Davis v. Carmichael*, 755 S.W.2d 679, 680 (Mo.App. 1988). Rule 55.12.

In his first subpoint Gould claims that the petition stated a cause of action in mandamus. Count III of the first amended petition was styled "Petition for a Writ of Mandamus." In that count Gould alleged that he had requested from the Missouri Board an endorsement of his qualifications under 4 CSR 150–2.070 and the Missouri Board had failed and refused to issue a favorable endorsement.

Mandamus is an extraordinary remedy effective to compel performance of a particular act by one who has an unequivocal duty to perform the act. *State ex inf. Riederer v. Collins*, 799 S.W.2d 644, 646 (Mo.App.1990). A petitioner must show that the right sought to be enforced is clearly established and presently existing. *Id.* Gould claims that 4 CSR 150–2.070 entitles him to a favorable endorsement

---

**2.** The trial court did not state a basis for its dismissal. We assume, as we may, that it was for failure to state a claim for which relief could be granted. This defense was raised in the answer and incorporated into the Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings. Moreover, we note that Gould's brief challenges the dismissal on this ground.

**3.** In situations such as this, where one order dismissed multiple counts based on different causes of action, a separate point of error for each count would be advisable.

from the Missouri Board. That section provides: "The board will supply endorsements of a licensed practitioner's qualifications on proper application forms upon the payment of a proper fee."

Gould did not allege when he applied for an endorsement. He attached to his petition a letter of endorsement from the Missouri Board to the Florida Board dated May 16, 1990, which stated that petitioner was licensed in Missouri until January 31, 1991, that his license was in good standing and there was nothing of a derogatory nature regarding petitioner in its records. This letter satisfies the Missouri Board's regulatory duty to provide an endorsement. Gould argues, however, that the subsequent letter from the Missouri Board's investigator, reporting on the nature of the Missouri Board's investigation, should be withdrawn or nullified because only favorable endorsements are authorized by the regulation. Gould cites no authority for this interpretation and we find no support therefor. The regulation does not address the content of the endorsement and does not prohibit negative information from being communicated. To the contrary, there is statutory authority for the voluntary interstate exchange of information about a licensee, including complaints and investigatory reports. § 620.010.14(7) (Cum. Supp.1991).

Accordingly, this regulation does not provide a clearly established and unequivocal duty on the part of the Missouri Board to issue only favorable endorsements and not to communicate any negative information to other agencies. The trial court did not err in dismissing Count III because it failed to state a claim for which relief could be granted.

■ In his second subpoint Gould argues that the petition stated a claim in prohibition. Count II of the first amended petition was styled "Petition for Writ of Prohibition." In that count Gould alleged that prior to May 16, 1990, he applied for licensure in the State of Florida, that since that time the Missouri Board has not received or discovered anything of a derogatory nature about him, and that there are no charges or

complaints pending before the Missouri Board, but that the Missouri Board continues to represent that an investigation of Gould is ongoing. Gould attached as an exhibit the letter from the Missouri Board's investigator and claimed that as a result of that letter he was denied a license to practice medicine. He sought a writ prohibiting any further investigation into his departure from Deaconess Hospital and any further communications with the Florida Board about the Missouri Board's investigation.

■ Prohibition is an extraordinary remedy available to restrain courts and other public bodies exercising quasi-judicial powers from doing acts in excess of the powers vested in them. *State ex rel. Shea v. Bossola,* 827 S.W.2d 722, 724 (Mo.App.1992). Gould alleges that he voluntarily resigned from the hospital. The investigator wrote that he had been dismissed. The Missouri Board had the same authority to act whether Gould voluntarily resigned or was dismissed. Missouri regulations require the Missouri Board to review all disciplinary actions or voluntary resignations from hospitals or ambulatory surgical centers. 4 CSR 150–1.011(3)(C), which directs:

> Each report received from a hospital or ambulatory surgical center shall be reviewed by a medical staff officer of the board. The medical staff officer shall review the report and either refer the matter to the investigative coordinator for investigation or make a recommendation to the disciplinary committee.

4 CSR 150–1.011(5) further provides: "The board's investigation ... is not limited to or by the scope of the ... reports or disciplinary action and voluntary resignation received from executive officers of hospitals and ambulatory surgical centers." As previously discussed, § 620.010.14(7) gives the Missouri Board the right to disclose information concerning its investigations as part of a voluntary interstate exchange of information about its licensees.

Gould relies on *State Bd. of Registration for the Healing Arts v. Finch,* 514 S.W.2d 608 (Mo.App.1974) as authority for his argument that the Missouri Board has

no authority to inquire or investigate. That reliance is misplaced. *Finch,* which was a direct appeal from an order of the Administrative Hearing Commission and not an application for a writ, held that under the Administrative Procedure and Review Act, the Missouri Board lost its previous statutory authority to conduct evidentiary hearings into the qualifications of applicants for medical licensure. *Id.* at 613. *Finch* has no application to situations where the Missouri Board, acting under state regulations, investigates a report of a licensed physician's voluntary resignation or dismissal.

The Missouri Board did not exceed its power in investigating and reporting on Gould's resignation from Deaconess Hospital. The trial court properly dismissed Count II because it failed to state a claim for which relief could be granted.

In the third subpoint of Point I, Gould asserts that the petition states a cause of action pursuant to § 536.100 RSMo 1986. The last paragraph of Count I of the petition is based on § 536.100. Gould contends that under this section he may obtain judicial relief if an agency unreasonably fails to act or unreasonably delays its decision. The judicial relief he seeks is an order requiring the Missouri Board to cease its investigation and to issue an order stating that Gould is in good standing.

Gould misconstrues § 536.100. That section does not authorize the relief he requests. It provides:

> Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section. Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court either compelling action by the agency or removing the case to the court for decision.

This section grants judicial review to persons who have been aggrieved by a final decision in a contested case. *Walker v. Personnel Advisory Bd. of State,* 670 S.W.2d 1, 3 (Mo.App.1984). A "contested case" means "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2) RSMo1986. A contested case arises only where a hearing is required before the agency may act.

No contested case is before the Missouri Board in this case. The regulations do not provide for a hearing when the Missouri Board receives a report of disciplinary action or voluntary resignation. Rather, the Missouri Board may either investigate such a report or institute disciplinary proceedings. 4 CSR 150–1.011(3)(C). Accordingly, judicial review is not available under § 536.100. The trial court properly dismissed this count because it failed to state a claim.

In the fourth subpoint Gould contends that the trial court erred in dismissing the counts because no complaints or charges had been filed to warrant a subpoena and because even after the subpoena had been withdrawn the Missouri Board continued to investigate Gould. The argument portion of the brief does not separately address this subpoint and we, also, will treat it as covered by the other subpoints. Because none of the three counts stated a claim for relief, Point I is denied.

For his second point Gould asserts the trial court erred in dismissing Counts I, II and III with prejudice because he had not had the opportunity to be heard. The minute entries and the trial court's order sustaining the motion to dismiss indicate that the court entered its order after a hearing. Gould argues that he should have been allowed to present evidence to support the factual allegations in his petition.

Even if he had properly and timely requested such an evidentiary hearing, there was no error. In considering a motion to dismiss, the trial court must take all alleged facts as true. The court does not make any factual findings in deciding a motion to dismiss, but solely makes a legal determination whether those facts state a cause of action. Point II is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and SIMON, J., concur.