Rhoda **BERKOWSKI**,
Plaintiff/Appellant,

v.

**ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS, Minerva Thompson, Doris Sharp and Paul De-Gregorio, Defendants/Respondents.**

No. 62528.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 8, 1993.

Morris B. Kessler, Kessler & Kessler, Robert E. Keaney, Robyn Susan Fox, Moser, Marsalek & P.C., St. Louis, for plaintiff/appellant.

Steven Walter Garrett, Curtis, Oetting, Heinz, Garrett & Soule, Clayton, for defendants/respondents.

CRANE, Judge.

Plaintiff appeals the dismissal of her second amended petition seeking damages and other relief against her former employer for sex and handicap discrimination under state and federal law. The trial court dismissed the second amended petition for failure to state a claim and other grounds. We affirm.

The facts, as alleged in the second amended petition, are as follows. Plaintiff, Rhoda Berkowski, was an employee of the St. Louis County Board of Election Commissioners (Election Board). She worked in the Field Operations Department and was supervised by defendant Minerva Thompson. Defendant Paul DeGregorio was the director of the Election Board and defendant Doris ·Sharp was the assistant director.

On March 2, 1987, plaintiff was injured as a result of lifting heavy boxes. She obtained medical treatment and was advised not to engage in heavy lifting. She gave notice of the injury and the medical advice to the Election Board, and to the individual defendants. They did not take any action.

In November, 1987 plaintiff became ill and had gallbladder surgery. She did not work from November 16, 1987 through February 1, 1988. On February 3, 1988, after returning to her position with the Election Board, she re-injured her back "because of continued heavy lifting." Upon advice of a medical doctor, plaintiff did not work for two days. Upon her return to work she requested transfer to a job with lighter duties "such as that given to a man who replaced her during her absence because of her gallbladder surgery." No transfer was offered.

On February 26, 1988 she had a conference with the individual defendants. She requested a job with lighter duties, but was denied a transfer. She alleged that "[t]o her knowledge a male employee of the 'Election Board' who had a heart problem was assigned and permitted to perform a job with lighter duties because of his disability and positions were available that did not require heavy lifting." The petition does not identify what positions were available, the duties of these positions, plaintiff's qualifications or that she was, in fact, qualified for any of these positions. On February 26, 1988, plaintiff was discharged from her position with the Election Board for the stated reason that she was not able to perform the duties of her employment.

On March 8, 1988 plaintiff filed an employment discrimination charge against the Election Board with both the Missouri Human Rights Commission and the Equal Employment Opportunity Commission. On November 30, 1989, at her request pursuant to § 213.111 RSMo 1986,[1] she was provided a right-to-sue letter from the Missouri Human Rights Commission. She subsequently filed a suit for employment discrimination in the circuit court of St. Louis County.

Plaintiff's original petition named only the Election Board as defendant and was dismissed by the trial court upon the Election Board's motion to dismiss. On May 16, 1990 plaintiff filed a first amended petition, adding the individual defendants. The defendants filed motions to dismiss, for summary judgment and to strike. While these motions were pending, plaintiff filed her second amended petition.

Plaintiff's second amended petition named the Election Board and the three individuals as defendants. In Count I of the second amended petition plaintiff alleged her discharge was the result of sex discrimination in violation of 42 U.S.C. Section 2000e–2 and sex and handicap discrimination in violation of Section 213.055 RSMo 1986.[2] She sought damages in the amount of her back pay and reinstatement with duties commensurate with her handicap. In Count II she further alleged that she was discharged because of her physical handicap and sought the same relief sought in Count I plus costs and attorney's fees. In Count III she alleged sex discrimination in violation of 42 U.S.C. § 1983 and sought back pay plus $100,000 punitive damages against each of the individual defendants.

Defendants filed a motion to dismiss asserting that the individual defendants should be dismissed because plaintiff had not complied with the time limitations set forth in Chapter 213 RSMo 1986 and 42 U.S.C. § 2000e–5 with respect to the individual defendants; had not exhausted her administrative remedies with the Missouri Human Rights Commission or the Equal Opportunity Employment Commission with respect to the individual defendants; failed to state the capacity in which the individuals were sued as required by 42 U.S.C. § 1983; failed to state a § 1983 claim against the individuals who, as state officials acting in their official capacity, are

---

**1.** Section 213.111 provides in part:

 1. If, after one hundred eighty days from the filing of such complaint the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating their right to bring a civil action within ninety days of such notice against the respondent named in the complaint.

**2.** She also asserted the defendants violated Chapter 296 of the Missouri Revised Statutes, which was the Missouri Discrimination Employment Practices Act. That Act was repealed in 1986 and replaced by the Human Rights Act, § 213.010, et seq., RSMo 1986.

immune under that section; and had failed to state a claim for which relief could be granted. The motion asserted that the claim against Election Board should be dismissed on the ground that the second amended petition failed to state a claim upon which relief could be granted. The trial court sustained the motion to dismiss in all respects. Plaintiff appeals from this order.

■ Where a trial court fails to state a basis for its dismissal, we presume the dismissal is based on the grounds stated in the motion to dismiss. *Davis v. Carmichael*, 755 S.W.2d 679, 680 (Mo.App.1988). We must affirm if the dismissal can be sustained on any ground supported by the motion to dismiss. *Property Exchange & Sales, Inc. v. King*, 822 S.W.2d 572, 573 (Mo.App.1992).

For her first point plaintiff asserts that the trial court erred in sustaining the Election Board's motion to dismiss "because the second amended petition states a claim against defendant Election Board for which relief may be granted pursuant to Chapter 213 R.S.MO.Cum.Supp.1991, 42 U.S.C. Section 2000e–5 and 42 U.S.C. Section 1983." In subsection four of her second point plaintiff asserts that the trial court erred in sustaining the individual defendants' motion to dismiss for the same reason. We will address these points together.

■ The bare assertion in a point that a petition "states a claim" is too general to raise an issue on appeal. Rule 84.04(d); *Gould v. Missouri State Board of Registration for the Healing Arts*, 841 S.W.2d 288, 290 (Mo.App.1992). It does not set forth with sufficient specificity "wherein and why" the trial court erred because it does not state why each dismissed count stated a cause of action. *Id.* We will, however, gratuitously address the argument made under these points in order to render a decision on the merits.

■ A petition must contain a short and plain statement of facts showing that the pleader is entitled to relief. Rule 55.05. The pleadings must identify the facts upon which the plaintiff's claim rests. *ITT Com-*

*mercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993). In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated. *Commercial Bank of St. Louis Co. v. James*, 658 S.W.2d 17, 21–22 (Mo. banc 1983). However, mere conclusions of the pleader not supported by factual allegations are disregarded. *Id.*

■ A motion to dismiss on the ground that the petition fails to state a cause of action is well taken where the facts essential to recovery are not pleaded. *Erslon v. Vee–Jay Cement Contr.*, 728 S.W.2d 711, 712 (Mo.App.1987). A petition must contain allegations of fact in support of each essential element of the cause sought to be pleaded. *Cady v. Hartford Accident and Indemnity Co.*, 439 S.W.2d 483, 485 (Mo.1969). In ruling on the sufficiency of the facts pleaded to state a claim, courts consider whether material and essential allegations have not been made. *Langenberg v. City of St. Louis*, 355 Mo. 634, 197 S.W.2d 621, 625 (1946). Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts a motion to dismiss is properly granted. *Sofka v. Thal*, 662 S.W.2d 502, 509 (Mo. banc 1983).

Plaintiff's petition sought relief for both sex and handicap discrimination pursuant to § 213.055 RSMo 1986, and sex discrimination pursuant to 42 U.S.C. § 2000e–2 and 42 U.S.C. § 1983. We will consider each cause of action separately to determine if a claim is stated.

### § 1983 Claim

■ Plaintiff's § 1983 claim for sex discrimination is contained in Count III. At oral argument plaintiff's attorney conceded the trial court properly dismissed plaintiff's claim under 42 U.S.C. § 1983 pursuant to *Foster v. Wyrick*, 823 F.2d 218 (8th Cir. 1987). *Foster* holds that because Title VII

provides a comprehensive remedial system for the enforcement of employment rights created thereunder, those employment rights cannot be enforced through § 1983. *Id.* at 222. The trial court did not err in dismissing Count III.

### Sex Discrimination Claim

▉ Plaintiff's sex discrimination claim is based on 42 U.S.C. § 2000e–2(a)(1) and § 213.055. 42 U.S.C. § 2000e–2(a)(1) provides:

(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ...

State courts have concurrent jurisdiction with federal courts over Title VII actions. *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 826, 110 S.Ct. 1566, 1570, 108 L.Ed.2d 834, 841 (1990).

Section 213.055 provides:

1. It shall be an unlawful employment practice:

(1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or handicap of any individual:

(a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or handicap; ...

Plaintiff alleges in support of her sex discrimination claim that she was terminated and refused a transfer to a job that did not require heavy lifting. She also alleges "a male employee of the 'Election Board' who had a heart problem was assigned and permitted to perform a job with lighter duties because of his disability and positions were available that did not require heavy lifting." Plaintiff further alleges as follows:

12. As a direct and proximate result of all of the hereinabove allegations, plaintiff was discriminated against because of her sex and she was discharged from her employment in violation of 42 U.S.C.A. Section 2000e–2 and said action by the defendants was in willful and wanton violation and disregard of the aforementioned federal law and in violation of Chapter 296 and Section 213.055 R.SMo., because of the personal and malicious action of the defendants and in particular of the individual defendants intentionally intending to harm and damage plaintiff by reason of her sex and by reason of her physical handicap.

Plaintiff attempts to state an individual disparate treatment claim. The essential elements of a disparate treatment claim are governed by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In that case, involving race discrimination, the Supreme Court set out the essential elements to establish a prima facie case of individual disparate treatment as follows:

(i) that [complainant] belongs to a racial minority;

(ii) that [complainant] applied and was qualified for a job for which the employer was seeking applicants;

(iii) that, despite [complainant's] qualifications, [complainant] was rejected; and

(iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677. These elements equally apply in a claim of disparate treatment based on sex. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207, 214–16 (1981).

▉ In *International Bro. of Teamsters v. U.S.,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396, 429 n. 44 (1977), the Supreme Court stated that the *McDonnell Douglas* formula demands that a plaintiff show there was a job vacancy and

that plaintiff was qualified to fill it. Although the Court in *McDonnell Douglas* recognized that the exact criteria for a prima facie case will vary in each factual situation, 411 U.S. at 802, n. 13, 93 S.Ct. at 1824, n. 13, 36 L.Ed.2d at 677, n. 13, qualification or satisfactory performance is an essential element of a prima facie case of employment discrimination in the various factual situations. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677 (failure to hire); *Hervey v. City of Little Rock*, 787 F.2d 1223, 1231 (8th Cir. 1986) (discharge, failure to promote); *Johnson v. Bunny Bread*, 646 F.2d 1250, 1253 (8th Cir.1981) (discharge); *Person v. J.S. Alberici Const. Co. Inc.*, 640 F.2d 916, 919 (8th Cir.1981) (discharge); *Royal v. Missouri Highway and Transp. Com'n*, 655 F.2d 159, 163 (8th Cir.1981) (failure to promote); *Roberts v. Panhandle Eastern Pipeline Co.*, 763 F.Supp. 1043, 1050 (W.D.Mo.1991) (failure to promote). As stated in *McDonnell Douglas*, " 'Congress did not intend by Title VII, however, to guarantee a job to every person regardless of qualifications.' " 411 U.S. at 800–01, 93 S.Ct. at 1823, 36 L.Ed.2d at 677 (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 430–31, 91 S.Ct. 849, 853, 28 L.Ed.2d 158, 164 (1971)).

■ The *McDonnell Douglas* formula applies to actions brought under Missouri employment discrimination statutes. *Midstate Oil v. Missouri Com'n on Human Rights*, 679 S.W.2d 842, 845–46 (Mo. banc 1984). Further, the Missouri Commission on Human Rights has issued guidelines which emphasize that employers may not discriminate against qualified persons on the basis of sex. 8 C.S.R. 60–3.040. Subsection (8) of that regulation provides "[e]mployees of both sexes shall have an equal opportunity to any available job that she/he is *qualified* to perform unless sex is a *bona fide* occupational qualification." (First emphasis added.) Subsection (12) of that regulation further provides "[a]n employer must not deny a female employee the right to any job she is *qualified* to perform." (Emphasis added.)

■ Plaintiff argues, without supporting authority, that the essential elements of a prima facie case under *McDonnell Douglas* are matters of proof and do not govern pleading. We disagree. Essential elements of a cause of action govern pleading as well as proof. A petition seeking relief for disparate treatment under state and federal employment discrimination statutes must contain allegations which support each of the essential elements of a prima facie case in order to satisfy the requirements of Rule 55.05. Even under the more liberal federal notice pleading standards, the *McDonnell Douglas* criteria are used as a pleading model. *Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir.1978). Qualification must ordinarily be alleged. *Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 400 (2d Cir.1985); *Johnson v. New York City Transit Authority*, 639 F.Supp. 887, 893 (E.D.N.Y.1986).

■ The facts alleged in plaintiff's amended petition are insufficient in themselves to support an inference of discrimination. An employer's isolated decision to reject a minority job applicant does not in and of itself show that the rejection was based on the applicant's minority status. *Teamsters*, 431 U.S. at 358, n. 44, 97 S.Ct. at 1866, n. 44, 52 L.Ed.2d at 429, n. 44. Likewise, the Election Board's decision not to transfer plaintiff to a job with lighter lifting duties, even though on one occasion a man was transferred to a job with lighter lifting duties, does not by itself establish an inference of discriminatory intent. *Hervey*, 787 F.2d at 1234. Plaintiff's allegations that she was discriminated against because of her sex and discharged in violation of state and federal statutes are mere conclusions which do not aid a petition in stating a cause of action. *Ingle v. Case*, 777 S.W.2d 301, 304–05 (Mo.App.1989).

In this case, plaintiff admitted in her pleading that her physical condition did not permit her to continue in her current position. She claims discrimination in not being transferred to a position with different duties. Where a different position is sought, plaintiff must allege she was otherwise qualified for that job or allege facts

from which those qualifications could be inferred.

■ Plaintiff's qualification for the sought-after position is a fact essential to recovery under the alleged circumstances and, therefore, should have been pleaded. The petition failed to state any facts showing that plaintiff was qualified for the job to which she sought to be transferred. The trial court did not err in dismissing the second amended petition for failure to state a claim of sex discrimination under 42 U.S.C. 2000e–2 or § 213.055 RSMo.

### Handicap Discrimination

In Counts I and II of her second amended petition plaintiff also claims she was discharged as a result of her physical handicap in violation of § 213.055. Her Count I allegations already have been described earlier in this opinion. In Count II she adds the following paragraph:

15. As a direct and proximate result of the willful, wanton and malicious conduct of all defendants, plaintiff was discharged from her employment at the "Election Board" on February 26, 1988 because of her physical handicap as imposed by her treating doctor with instruction to perform no heavy lifting arising out of a condition of her back and the refusal to provide her with duties that did not require heavy lifting resulting in pain and disability, although such positions were available. The discharge of plaintiff by defendants herein was the result of personal maliciousness against plaintiff by all defendants herein, including the individual defendants and arising from her request for a job with lighter duties because of her disability.

■ Plaintiff must likewise establish a prima facie case of handicap discrimination under this statute. *Umphries v. Jones*, 804 S.W.2d 38, 41 (Mo.App.1991). The essential elements of a prima facie case of handicap discrimination are the same under § 213.055 as they were under § 296.020. They are: 1) plaintiff is a member of a protected class because she is handicapped under the act, 2) she was discharged, and 3) there is evidence to infer that her handicap was a factor in the discharge. *City of Clayton v. Comm'n on Human Rights*, 821 S.W.2d 521, 527 (Mo.App.1991).

■ Defendants argue that plaintiff has not alleged facts showing that she is "handicapped" as defined by statute. Section 213.010 RSMo 1986 defines "handicap" as a "physical or mental impairment which substantially limits one or more of a person's major life activities, or a condition perceived as such, which with or without reasonable accommodation does not interfere with performing the job." A person is not statutorily handicapped if the physical impairment interferes with performance of the job, unless reasonable accommodations can be made so that the employee can perform the job. *Umphries*, 804 S.W.2d at 41.

■ In this case, the second amended petition established that plaintiff was unable to perform an essential function of her job. The disability was thus job-related, unless, with reasonable accommodation, it would not substantially interfere with her ability to perform the essential functions of the job in question. "Reasonable accommodation" is defined and otherwise clarified in 8 C.S.R. 30–3.060(1)(G) to mean:

1. An employer shall make reasonable accommodation to the known limitations of a handicapped employee or applicant.
2. Accommodation may include:

A. Making facilities used by employees readily accessible to and usable by handicapped persons; and

B. Job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices, the provision of readers or interpreters, and other similar actions.

Reasonable accommodation does not require an employer to find another job for an employee who is unable to perform the job he or she was doing. *Umphries*, 804 S.W.2d at 41. However, an employer cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies. *Id.*

Plaintiff alleges that the Election Board had previously assigned an employee with

a heart problem to a job with lighter duties because of his disability. She does not, however, allege that the Election Board had an existing policy of permanently transferring employees to other jobs to accommodate their disabilities. We do not need to decide if plaintiff's reference to one occasion when the Election Board transferred a disabled employee is sufficient to create an inference of a policy of giving permanent job transfers to accommodate handicapped employees because the other elements of a claim have not been alleged.

 Plaintiff has not alleged sufficient facts from which it could be inferred that her handicap was a factor in Election Board's refusal to grant her request for transfer to an available position. As in the case of race and sex discrimination, plaintiff must plead and prove that she was qualified for the vacant position. *See Laclede Cab v. Com'n on Human Rights*, 748 S.W.2d 390, 396–97, 401 (Mo.App.1988) (Handicapped plaintiff proved discrimination in denial of right to make application, but was not entitled to order compelling employment unless plaintiff satisfied all other requirements for position). As previously discussed, plaintiff fails to allege there was a vacant position for which she was qualified. She alleges simply that positions were available that did not require heavy lifting. Accordingly, the trial court did not err in dismissing Counts I and II for failure to state a claim of handicap discrimination.

 Because the petition fails to state a cause of action, we do not need to reach the remaining issues raised in plaintiff's second point which include whether the claims against the individual defendants are time barred or whether plaintiff exhausted her administrative remedies as to them. However, it is clear that her action against the individual defendants is time barred. Even if plaintiff could demonstrate circumstances under which she would be able to sue the individuals without having specifically named them in her administrative proceeding, *see, e.g., Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir.1985), she still would be obliged to file her suit within the statutory time limits. Both the federal and state statutes require a civil suit to be filed within 90 days of receipt of the right-to-sue letter. § 213.111.1 and 42 U.S.C. § 2000e–5(f)(1). The state statute further provides that a civil suit shall not be filed later than two years after the discriminatory act occurred. The legal file and pleadings demonstrate plaintiff did not file an action against the individual defendants until May 16, 1990, more than ninety days after receipt of her right-to-sue letter on November 30, 1989, and more than two years after her discharge. Plaintiff's action is accordingly time barred against the individual defendants.

 At oral argument plaintiff requested in the alternative that, if we found the second amended petition failed to state a claim, we remand to the trial court to give her an opportunity to amend. We have no record she made a request to amend her second amended petition in the trial court. Further, she had three opportunities to state a cause of action in the trial court. It was within the trial court's discretion to dismiss the second amended petition. Plaintiff's request for a remand is denied. *Tolliver v. Standard Oil Co.*, 431 S.W.2d 159, 165 (Mo.1968); *Cady v. Hartford Accident and Indemnity Co.*, 439 S.W.2d 483, 486 (Mo.1969).

The judgment of the circuit court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.