**Larry D. DAVIS, Appellant,**

v.

**JOHNSON CONTROLS, INC., Appellee.**

No. 93–1392

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 17, 1993.

Decided April 22, 1994.

Rehearing Denied June 7, 1994.

David Whipple, Kansas City, MO, argued for appellant.

Karl Dahlen, Milwaukee, WI, argued for appellee.

Before McMILLIAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

WOLLMAN, Circuit Judge.

Larry D. Davis brought a handicap discrimination claim against Johnson Controls, Inc. ("Johnson") in district court. The district court[1] dismissed the complaint on the ground that Davis's claim is pre-empted by section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). We affirm.

**I.**

In 1979 Davis went to work as a production worker for Johnson, which manufactures

---

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

automobile and industrial batteries. In February 1989 he injured his back and was unable to work. Johnson denied his request to return to work on February 27, 1989. Davis's back condition improved, and on May 31, 1990, his physician indicated that he could return to work. Nevertheless, on June 6, 1990, Johnson again refused to allow Davis to return.

On June 1, 1992, Davis filed this action, alleging that Johnson had discriminated against him on the basis of his handicap (his back condition) by not permitting him to return to work after his condition had improved, in violation of the Missouri Human Rights Act. Johnson moved to dismiss Davis's complaint or, in the alternative, for summary judgment on the grounds that Davis's claim was pre-empted by section 301 and barred by the statute of limitations. Finding Davis's claim pre-empted, the district court dismissed the action and did not rule on the question whether the statute of limitations barred Davis's action.

## II.

The district court styled its ruling as one that granted Johnson's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. We conclude, however, that the ruling was in the nature of a summary judgment, for it seems apparent that the district court took notice of the matters contained in the affidavits offered in support of and in opposition to the alternative motion for summary judgment. Since Davis filed an affidavit and supporting memorandum in opposition to the motion for summary judgment, he cannot complain that he did not have notice that the court might consider and rule upon that motion. In any event, any lack of formal notice by the district court that it would rule on the motion for summary judgment rather than on the motion to dismiss was harmless in view of Davis's adequate opportunity to respond to the summary judgment motion and the lack of any showing that any material facts were disputed or missing from the record. *See, e.g., Angel v. Williams,* 12 F.3d 786, 788–89 (8th Cir.1993); *Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992); *cf. Phelps v. United States Federal Government,* 15 F.3d 735, 739 (8th Cir.1994); *Layton v. United States,* 919 F.2d 1333, 1334–35 (8th Cir.1990).

Section 301(a) of the Labor Management Relations Act provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). In *Textile Workers Union v. Lincoln Mills of Alabama,* the Supreme Court held that section 301 not only provides federal courts with jurisdiction over disputes involving collective-bargaining agreements, but also authorizes "federal courts to fashion a body of federal law for the enforcement" of such agreements. 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (1957). In *Teamsters v. Lucas Flour Co.,* the Court further stated that section 301 mandates that all courts, whether state or federal, apply federal law to controversies arising from collective-bargaining agreements. 369 U.S. 95, 103–04, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962). Then, in *Allis–Chalmers Corp. v. Lueck,* the Court held that when the resolution of a state-law claim is substantially dependent upon analysis of the terms of a collective-bargaining agreement, the claim is pre-empted and federal labor law applies. 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985). In *Lingle v. Norge Division of Magic Chef, Inc.,* the Court made clear, however, that a state-law claim is pre-empted by section 301 only if resolution of the claim requires the interpretation of a collective-bargaining agreement. 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988). *See also United Steelworkers of America v. Rawson,* 495 U.S. 362, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990); *Hanks v. General Motors Corp.,* 859 F.2d 67 (8th Cir.1988).

■ Pursuant to section 213.055 of the Missouri Revised Statutes, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," because of the individual's handicap. Mo.Rev.Stat. § 213.055. To establish a prima facie case of handicap discrimination under this section, Davis must prove three elements: (1) that he had a handicap within the meaning of the statute; (2) that Johnson took adverse action against him; and (3) that his handicap was a factor in Johnson's adverse action. *Rose City Oil Co. v. Missouri Comm'n on Human Rights,* 832 S.W.2d 314, 316 (Mo.Ct.App. 1992). The statute defines handicap as a "physical or mental impairment which substantially limits one or more of a person's major life activities, a condition perceived as such, or a record of having such an impairment, which *with or without reasonable accommodation* does not interfere with performing the job." Mo.Rev.Stat. § 213.-010(10) (emphasis added).

Johnson argues that Davis's claim is preempted because his prima facie case will involve interpreting the collective-bargaining agreement between Johnson and the union representing Johnson's employees. More specifically, Johnson contends that for Davis to establish that he is handicapped within the meaning of the statute, he will have to show that Johnson could have reasonably accommodated his request to return to work. Johnson contends that this assessment requires reviewing Johnson's obligations under the collective-bargaining agreement and, consequently, interpreting the provisions of the agreement relating to seniority rights. In support of these arguments, Johnson points to title 8, section 60–3.060(1)(G)(3)(D) of the Missouri Code of State Regulations which provides that in determining whether an accommodation is reasonable under the Missouri Human Rights Act, one factor to be considered is "the authority to make the accommodation under the terms of any *bona fide* agreement."

In *Umphries v. Jones,* 804 S.W.2d 38 (Mo. Ct.App.1991), the Missouri Court of Appeals held that "reasonable accommodation" under the Missouri Human Rights Act did not require a teacher to be relocated within the school district if such a transfer would conflict with established school board policy and considerations of seniority in assignments. "Reasonable accommodation does not require the employer to reassign an employee or to restructure a job in a way that would usurp the legitimate rights of other employees." *Id.* at 41.

The district court therefore concluded, correctly, we believe, that the relocation of Davis to a position commensurate with his physical limitations would require an examination of the seniority rights of both Davis and other employees under the collective bargaining agreement. Davis's contention that the collective bargaining agreement allows for transfer without alteration of seniority rights, even if ultimately held to be correct, would perforce require interpretation of the agreement. Accordingly, the district court correctly held that Davis's state-law claim depends upon the meaning ultimately given to the collective bargaining agreement and thus is preempted under the *Lueck–Lingle* doctrine.

In view of our affirmance on the preemption issue, we need not reach Johnson's contention that Davis's claim is barred by the statute of limitations.

The judgment is affirmed.