# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3589

_____

Sue E. Dixon,      *

          *

     Appellant,      *

          *

     v.      *    Appeal from the United States

          *    District Court for the

Vera Lloyd Presbyterian Home and    *    Eastern District of Arkansas.

Family Services, Inc., an Arkansas    *      [UNPUBLISHED]

Corporation,      *

          *

     Appellee.      *

_____

Submitted: April 15, 2004
Filed: August 27, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Sue E. Dixon (Dixon) brought suit against Vera Lloyd Presbyterian Home & Family Services, Inc., (Lloyd Home), alleging that Lloyd Home violated her federal constitutional rights when it terminated her employment. On Lloyd Home's motion to dismiss, the district court reviewed the parties' respective evidentiary materials and dismissed the action for lack of subject matter jurisdiction, concluding that Lloyd Home was not a state actor. Although we believe that the district court should have followed more closely the procedures for treating the motion as one for summary judgment, its failure to do so constituted harmless error at worst, and thus we affirm.

# I.

Lloyd Home is a nonprofit Arkansas corporation that owns and operates the Vera Lloyd Presbyterian Home for Children in Monticello, Arkansas. The facility furnishes room and board for at-risk children and is a licensed childcare provider regulated by the Arkansas Department of Human Services. Dixon worked at Lloyd Home's facility until her termination in June of 2002.

Dixon's complaint lacks clarity, but interpreted liberally, see Fed. R. Civ. P. 8(a), it asserts a claim under 42 U.S.C. § 1983. Lloyd Home moved for dismissal under Federal Rule of Civil Procedure 12(b)(1), asserting that the district court lacked subject matter jurisdiction because Lloyd Home was not a state actor. Lloyd Home attached various affidavits and other evidentiary materials detailing its involvement with the State of Arkansas. In response, Dixon noted that Lloyd Home "appear[ed] to be arguing a Rule 12(b)(6) motion under the guise of a Rule 12(b)(1) motion" and observed that "[i]n considering a motion for summary judgement [sic], the Court must treat as true all facts alleged that support the Plaintiff's claim." Dixon also attached her own affidavit regarding Lloyd Home's involvement with the State of Arkansas. Although Dixon contended that Lloyd Home's motion to dismiss was premature inasmuch as the parties had not made initial disclosures, see Fed. R. Civ. P. 26(a)(1), she subsequently agreed to postpone the initial disclosure deadline until after the district court had ruled on the motion.

The district court characterized Lloyd Home's motion as a factual attack on subject matter jurisdiction and concluded that it could weigh evidence outside of the pleadings. After noting that Dixon had not specified what additional discovery she would seek, the district court proceeded to evaluate the parties' respective affidavits. Relying on the Supreme Court's decision in Rendell-Baker v. Kohn, 457 U.S. 830 (1982) and our opinion in Nichols v. Metro Ctr. for Indep. Living, 50 F.3d 514 (8th Cir. 1995), the district court determined that Lloyd Home was not a state actor and, as indicated above, dismissed the case for want of jurisdiction.

## II.

Dismissal for lack of subject matter jurisdiction is appropriate only in those rare instances when the challenged claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Trimble v. Asarco, Inc., 232 F.3d 946, 953 (8th Cir. 2000) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). A motion to dismiss for lack of subject matter jurisdiction predicated on failure to establish an essential element of the cause of action should generally be analyzed under Fed. R. Civ. P. 12(b)(6). Id.

On its face, Dixon's claim does not appear to be either immaterial or insubstantial and frivolous. Accordingly, the district court should have analyzed Lloyd Home's motion under the standards of Rule 12(b)(6). Further, because the district court considered material outside of the pleadings, it should have treated the motion as one for summary judgment. See Fed. R. Civ. P. 12(b); BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003).

When converting a motion to dismiss to one for summary judgment, a district court is normally required to give notice of that fact to the parties, a requirement that generally must be strictly complied with. Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000). Nevertheless, in a given case constructive notice can be sufficient. Angel v. Williams, 12 F.3d 786, 788 (8th Cir. 1993). Moreover, the failure to give formal notice is harmless where the nonmoving party has submitted materials outside of the pleadings in support of its resistance to a motion to dismiss or where the nonmoving party has an adequate opportunity to respond to the summary judgment motion and it does not appear that any material facts were disputed or missing from the record. Davis v. Johnson Controls, Inc., 21 F.3d 866, 867 (8th Cir. 1994).

-3-

Dixon's response to the motion to dismiss asserted that Lloyd Home's status as a state actor <u>vel non</u> was a factual question. Attached to the response was Dixon's affidavit, in which Dixon set forth the facts that she believed established that Lloyd Home was in fact a state actor. The affidavit disputes the amount of state funding received by Lloyd Home's facility, the status of the facility as a juvenile detention center, and the precise import of various intake forms but it does not allege or present evidence that Lloyd Home's personnel decisions, including its decision to terminate Dixon, constituted state action. <u>See</u> <u>Nichols v. Metro Ctr. for Indep. Living</u>, 50 F.3d 514, 517-518 (8th Cir. 1995). Accordingly, we conclude that the affidavit does not raise a genuine issue of fact on Lloyd Home's status as a state actor.

Putting aside the question of the inadequacy of the affidavit, Dixon did not specify what additional information she would seek to produce in support of her resistance to the motion to dismiss or otherwise ask to postpone a decision on the motion until further discovery could be completed. Indeed, she agreed to defer the initial disclosure deadline until after the district court had ruled on the motion. We conclude, therefore, that at the very least Dixon had constructive notice that the motion was being treated as one for summary judgment and that she was provided an adequate opportunity to present materials outside of the pleadings that might have raised a genuine issue of fact on the question of Lloyd Home's status as a state actor. <u>See</u> <u>Trimble</u>, 232 F.3d at 955. As nothing in the record, even when read in the light most favorable to Dixon, suggests that Lloyd Home's personnel decisions constituted state action, we conclude that the district court's failure formally to convert the motion to dismiss to one for summary judgment constituted harmless error. Accordingly, the judgment is affirmed.

_____