

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI ex rel. )
W.D.C., II, )
)
Relator, )
)
vs. )        No. SD36107
)
JO MCELWEE, CIRCUIT CLERK, )        Filed:  September 6, 2019
CAMDEN COUNTY CIRCUIT CLERK, )
)
Respondent. )

ORIGINAL PROCEEDING IN MANDAMUS

**<u>PRELIMINARY WRIT OF MANDAMUS MADE PERMANENT</u>**

On March 6, 2018, W.D.C., II ("Relator") filed a petition in the circuit court of

Camden County, assigned case number 18CM-CC00043, seeking section 610.140[1]

expungement of his record of arrest and plea in Camden County case number CR284-

2285M and naming the Camden County Prosecuting Attorney, among others, as a

defendant.  The Camden County Circuit Clerk ("Respondent") issued summonses in the

cause and forwarded them to Relator's counsel for service.  Respondent entered the

following:

---

[1] All references to statutes are to RSMo 2016 (the version effective January 1, 2018), unless otherwise
specified.

1

> This filing is on HOLD by the court for the following reason(s):
> Other – The Court Clerk Handbook (CCHB), Chapter 303.23 – Expungement of Conviction Records, references services of the petition on the parties, per standard rules of civil procedure, for expungement of convictions under section 610.140, RSMo. Service includes all named defendants on the petition. As with other civil case processes, the summons transmits electronically to the attorney, who is responsible for service. An exception for service of summons is expungement of arrest records, under section 610.122, RSMo. Supreme Court Rule 155 applies specifically to expungement of arrest records under section 610.122, RSMo and does not apply to expungement of convictions under section 610.140, RSMo.

Relator filed a petition for a writ of mandamus in this Court to force Respondent to lift the "hold" on the case. By a preliminary writ, this Court ordered Respondent to Answer the Petition in Mandamus. Respondent did not do so. The preliminary writ of mandamus is made permanent.

## Analysis

"Mandamus is an extraordinary remedy effective to compel the performance of a particular act by one who has an unequivocal duty to perform the act." *Gould v. Missouri State Board of Registration for the Healing Arts*, 841 S.W.2d 288, 290 (Mo.App. E.D. 1992). A writ of mandamus lies when a party has been given an opportunity to perform and performance has been refused. *See Naugher v. Mallory*, 631 S.W.2d 370, 374 (Mo.App. W.D. 1982) ("The general rule is that a court will issue a writ of mandamus only where it is shown that one requesting the writ has a clear and unequivocal right to the relief requested and a corresponding present, imperative, unconditional duty imposed on the respondent which the respondent has breached."). Mandamus is appropriate to compel the performance of a ministerial act. *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 823 (Mo. banc 1994). Missouri law defines a ministerial act as a specific duty that the law directs the official to perform

2

upon a given set of facts, regardless and independent of what the official may think of the propriety of doing the act under the given facts. *State ex rel. Kessler v. Shay*, 820 S.W.2d 311, 314 (Mo.App. W.D. 1991).

Effective January 1, 2018, section 610.140.5 provided, in pertinent part: "The clerk of the court *shall* give notice of the filing of the petition to the office of the prosecuting attorney, circuit attorney, or municipal prosecuting attorney that prosecuted the offenses, violations, or infractions listed in the petition." (Emphasis added). The clear and plain language of section 610.140.5 creates a ministerial duty upon the clerk of the court to give such notice upon the filing of a petition seeking relief under section 610.140. On March 12, 2018, Respondent prepared a 30-day summons in case number 18CM-CC00043 directed to the Camden County Prosecuting Attorney and forwarded it to Relator's counsel for service. Relator has made repeated requests to Respondent to comply with section 610.140.5 by giving the required notice to the office of the Camden County Prosecuting Attorney, but Respondent has refused to take any further action in the case after preparation of the 30-day summons and issuance of that summons to Relator's counsel for service. Issuance of a 30-day summons to the section 610.140 petitioner for service upon the prosecuting attorney does not comply with Respondent's section 610.140.5 ministerial duty to "give notice of the filing of the petition to the office of the prosecuting attorney . . . that prosecuted the offenses, violations, or infractions listed in the petition."

The preliminary writ of mandamus is made permanent and Respondent is ordered to give notice of the filing of the petition in case number 18CM-CC00043 to the office of

the Camden County Prosecuting Attorney and to document the date, manner, and method of such compliance in the court record of that case.

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J., – Concurs

William W. Francis, Jr., J. – Concurs

4